## PARKER v. TOMM et al.

No. 9544—Opinion Filed Jan. 20, 1920.

Rehearing Denied April 13, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Review in Equity Case—Evidence.**

In an equity proceeding this court will weigh the evidence, but the judgment of the trial court will not be set aside where it is not clearly against the weight of the evidence.

**2. Injunction—Refusal of Writ—Sufficiency of Evidence.**

Record examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence, and the judgment is affirmed.

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Mittie Parker against L. E. Tomm and others. Judgment for defendant named, and plaintiff brings error. Affirmed.

Geo. W. Parker, for plaintiff in error.

Chas. F. Runyan, for defendants in error.

JOHNSON, J. This was an action instituted originally in the superior court of Muskogee county, state of Oklahoma, by the plaintiff in error, as plaintiff, against this defendant in error and Walter Watson and wife, as defendants, by petition in which the plaintiff alleged that she was the owner of the equitable title and in possession of the premises in controversy, the same being a city lot in the city of Muskogee, Okla.; that theretofore the defendants Watson had purchased from codefendant, L. E. Tomm, the premises in controversy and had executed back to the said Tomm certain promissory notes secured by a mortgage upon the said property to secure a part of the purchase price thereof; that although the transaction was had between Tomm and the Watsons and the title placed in the said Watsons, as a matter of fact she had furnished that portion of the purchase price paid by the Watsons therefor, and was, therefore, the equitable owner of the equity of redemption in said property subject to the payment of the mortgage as aforesaid; that thereafter she went into possession of said property, and that thereafter, the terms of said mortgage having been

broken, the said Tomm instituted an action in foreclosure in the district court of said county and state, and service was regularly had upon the Watsons, a trial of said cause had in said court, judgment rendered in favor of the defendant Tomm, order of sale issued, and the said property sold at sheriff's sale, at which Tomm bought the same in his own name, and that thereupon he caused to be issued a writ of assistance for the possession of said property, and that she, the plaintiff, was about to be dispossessed unless restrained by a writ of injunction out of the trial court.

The defendant Tomm answered, and denied all of the material allegations of the plaintiff's petition, and by way of affirmative relief pleaded the execution of the mortgage by the Watsons to him, the default in its terms, the institution of the action in foreclosure, a sale under foreclosure, execution of the sheriff's deed therefor, and his right to possession of said property thereunder; and further pleaded that in the foreclosure action the said Mittie Parker was present in person in court upon the trial of the cause, and was also represented by her attorney and husband, George W. Parker, who is her said attorney in the instant case, and that she and her said attorney acquiesced in the entering of the judgment in foreclosure and agreed that before the six months named in the decree within which an order of sale should be issued had expired, they would redeem said premises, and pleaded that therefore the plaintiff in error was estopped from asserting any interest in the title to the premises.

Upon the issues thus raised a trial was had before the Honorable H. C. Thurman, judge of said superior court, and at the conclusion thereof findings were made by the trial court sustaining each of the contentions, both of fact and of law, of the defendant in error Tomm, and an order made dissolving the temporary injunction theretofore granted the plaintiff in error, and a decree entered in his favor.

It appears from the record that, on application of the plaintiff, the judge of the court on September 4, 1917, made the following order:

"Upon reading the petition of the plaintiff, and it appearing to the court that the plaintiff, upon the facts stated in said petition, is entitled to the relief prayed for, it is ordered and adjudged that a temporary restraining order be granted herein restraining the defendant, his agents or attorneys, from interfering with the plaintiff, Mittie Parker, in the possession of the property described as lot 7, in block 235, in the city of Muskogee, according to the plat thereof, until Saturday, the 8th day of September, 1917, or the further order of this court, upon the plaintiff filing with the court clerk an approved bond in the sum of $250 conditioned as required by law with sufficient sureties. And it is further ordered that the 8th day of September, 1917, is hereby set for the time for hearing and determining said petition for injunction, at this court room, in the city of Muskogee, Oklahoma, and that notice thereof be given to the defendant at least two days prior to said hearing

"Given under my hand, this 4th day of September, 1917, to correct and supersede order of August 27, 1917.
        "H. C. Thurman, Judge."

And it further appears that on September 8, 1917, upon a hearing had, at which the plaintiff offered testimony, at the conclusion thereof the court refused a temporary injunction, and it is to reverse such order that this proceeding was commenced.

The plaintiff presents and argues the following assignments of error.

"(1) The court erred in denying plaintiff in error's petition for temporary injunction.

"(2) The court erred in denying the plaintiff's petition for a temporary injunction upon the sworn petition and no return by the defendant or answer, or denial in any manner, and also the sworn testimony of plaintiff and witnesses.

"(3) The court erred in denying plaintiff's sworn petition, the same showing that plaintiff is the claimant in possession, and the defendant, the claimant out of possession, and the testimony taken in said cause."

The sole excuse of the plaintiff in error for filing her suit in the trial court was that she was the equitable owner of the equity of redemption in the real estate, for the reason that the property had been purchased with her funds, and although the legal title was in the defendant Watson, yet that she was the equitable owner thereof, and therefore had the right to defend in the original suit of foreclosure. This contention was expressly controverted by the defendant Tomm, and testimony offered in the trial court upon this issue, and the issue was decided against her by the trial court. She did not deny that she authorized the execution and delivery of the mortgage foreclosed by the defendant Tomm, the same being for a part of the purchase price of the property. The testimony conclusively established that no part of the debt secured or the taxes upon the property were ever paid by the plaintiff or the Watsons, or tendered. The testimony also showed that the defendant had offered to deed the plaintiff the property on the payment by her of the mortgage debt. The testimony further discloses that the cash pay-

ment of $1,000 was made by the Watsons; that the plaintiff furnished no part of said price, nor had anything to do in connection therewith, but that the Watsons borrowed the same from one Seibold. Mrs. Watson testified that the payment was made for the plaintiff, but Mr. Watson testified that it was made for Mrs. Watson. Mrs. Watson testified that after she bought the property she placed the plaintiff in possession thereof; that the plaintiff had never paid any interest or taxes on the property.

It seems clear to us, in view of this testimony, that the judgment of the trial court denying the temporary injunction was fully sustained by the great weight of the evidence. In cases of purely equitable cognizance this court will examine and weigh the evidence, and cause to be rendered such judgment as should have been rendered by the trial court, and it is only in cases where the judgment of the trial court is clearly against the weight of the evidence that this court will reverse the action of the trial court. City of Tulsa et al. v. Purdy, 73 Oklahoma, 174 Pac. 759; Shock et al. v. Fish, 45 Okla. 12, 144 Pac. 584; Crump v. Lanham, 67 Oklahoma, 168 Pac. 43.

Judgment affirmed.

All the Justices concur.