## HOGAN et al. v. GRIMES et al.

No. 9661—Opinion Filed April 13, 1920.

Rehearing Denied May 4, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Review—Findings in Equity Case.**

In a suit in equity, the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court, unless, after a consideration of the entire record, it appears that such findings are clearly against the weight of the evidence.

2. **Same—Fraud.**

In cases of equitable cognizance, where a fraud is relied upon as a basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, this court will not disturb such finding unless it is clearly against the weight of the evidence.

3. **Fraudulent Conveyances—Creditors' Suit to Cancel Deed—Judgment—Evidence.**

Record examined, and held, that the judgment rendered in the trial court is not clearly against the weight of the evidence.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by S. W. Hogan and Calvin B. Moody against Thomas B. Grimes and Daisy F. Grimes et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

F. L. Boynton, C. L. Billings, and E. D. Brownlee, for plaintiffs in error.

James W. Steen and Geo. W. Buckner, for defendants in error.

PER CURIAM. Suit was brought by S. W. Hogan and Calvin B. Moody against Thomas B. Grimes and Daisy F. Grimes et al. to set aside a deed made by Thomas B. Grimes to Daisy F. Grimes for an undivided one-sixth interest in a certain tract of land in Kingfisher county which had been willed to defendant Thomas B. Grimes by his father, and to establish a lien on said land in favor of plaintiffs.

The findings of the trial court are substantially as follows:

"In case No. 1415, S. W. Hogan et al., plaintiffs, against Thomas B. Grimes et al., defendants, the court finds from the evidence in this case that the plaintiffs seek to have a deed set aside that was executed by the defendant, Thomas B. Grimes, to an undivided one-sixth interest in an estate belonging to his deceased father, which he deeded to the defendant, Daisy F. Grimes, and in support of his petition, alleges that on April 3, 1913, the defendant, T. B. Grimes, made, executed and delivered to plaintiff, S. W. Hogan, his promissory note wherein he promised six months after date to pay the said S. W. Hogan $193.24; that the petition in this case, wherein they seek judgment against the defendant, Thomas B. Grimes, and all the defendants, so far as that is concerned, was not filed in this court until the 8th day of November, 1915. * * *

"The evidence in this case shows that the defendant, Thomas B. Grimes, did convey his undivided one-sixth interest that he had in his father's estate to Miss Daisy F. Grimes on February 10, 1915, several months prior to the filing of the petition in this case.

"The court finds from the evidence in this case that the mother of the defendant, Thomas B. Grimes, has a life estate in her husband's property; that the mother is still living, and in good health; that she collects the rents and profits arising therefrom; that the property is rented; that the defendant, Thomas B. Grimes, never derived any benefit directly or indirectly from said property; that the defendant, Daisy Grimes, cannot derive or receive any benefit in the way of rent or profits from said land until the death of her grandmother; that the one-sixth interest in said property is hardly ascertainable, merely speculative, or, at least, a difficult matter to ascertain the value, if at all, but the court finds from all the circumstances surrounding the case that the reasonable value of the one-sixth interest in said homestead is about $750.

"The evidence in this case further shows that the defendant, Miss Daisy F. Grimes, paid as consideration for Thomas B. Grimes' interest in said land $100 in cash, a span of mules, worth $200, a cow worth $75, and later on paid a judgment against Thomas

Grimes in an amount exceeding $300; that Miss Daisy has paid practically every dollar the interest is worth; that she paid it out of her own earnings. It was her own money. And the evidence in this case shows that she earned over $1,400 teaching school; that she lived quietly and invested her money in young stock and loaned her money to her parents and to the neighbors, and that she purchased the property in good faith, and paid for it out of her own funds, and that the deed was made to her five months prior to the time of any attempt to secure a judgment against Thomas B. Grimes.

"The court further finds that the consideration paid by Miss Daisy is fair and reasonable and adequate in every respect. * * *

"The court is of the opinion, as a matter of law, that the title of Miss Daisy Grimes to the undivided one-sixth interest of Thomas B. Grimes in his father's estate is prior and superior to that of any other claimant.

"The court finds from the evidence in this case that there was no attempt on the part of Thomas B. Grimes to defraud his creditors. * * *

"Wherefore, it is by the court considered, ordered, and adjudged that plaintiffs take nothing, and that the defendants have judgment for costs, and that the title be quieted in Miss Daisy Grimes."

From the judgment of the trial court, plaintiffs appealed. They challenge the findings of the trial court, and further urge certain propositions of law as grounds for reversal; but these propositions of law are dependent upon the determination of the facts in the case, and if the findings of the trial court are not set aside, the case must be affirmed.

This being an equitable action, the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court, unless, after a consideration of the entire record, it appears that such findings are clearly against the weight of the evidence. Smith v. Skelton, 63 Oklahoma, 163 Pac. 268.

Plaintiffs urge that the deed from Thomas B. Grimes to Daisy F. Grimes was fraudulent in that it was for the purpose of defeating the creditors of Thomas B. Grimes.

It is well established that where fraud is relied upon as a basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, this court will not disturb such finding, unless it is clearly against the weight of the evidence. Jones v. Thompson et al., 55 Okla. 24, 154 Pac. 1139.

We have examined the record, and are convinced that the findings of fact of the trial court are not clearly against the weight of the evidence.

The judgment of the trial court, therefore, must be affirmed.

All the Justices concur, except HARRISON, J., not participating.