## ROBINSON et al. v. POTTERFF et al.

No. 9645—Opinion Filed April 27, 1920.

(Syllabus by the Court.)

### Appeal and Error—Review—Equity Case—Sufficiency of Evidence.

In an equity proceeding the judgment of the trial court will not be set aside where it is not clearly against the weight of the evidence.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by T. L. Robinson and others against J. E. Potterff and others for an accounting under a mining lease. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. H. Kornegay, for plaintiffs in error.

A. Scott Thompson, for defendants in error.

RAINEY, J. This action was instituted in the district court of Ottawa county by T. L. Robinson, W. P. McCullough, E. M. Landrum, and E. Stuckey, plaintiffs, against J. E. Potterff, J. S. Mabon, L. C. Church, and Wesley M. Smith, as defendants, alleging that plaintiffs owned an interest in a certain mining lease; that said lease was being operated by the defendants Church and Mabon, and that Smith and Potterff were interested in the royalties thereunder; and praying for an accounting as against said defendants. The defendants filed a joint answer admitting that Smith held two mining leases on the land, and that he subleased to Church and Mabon; denying all other allegations, and affirmatively pleading the statute of limitations. Plaintiffs alleged in their pleadings and contended at the trial that at the inception of the transaction the defendant Smith owned two separate mining leases on the Fish allotment, covering about 200 acres; that the defendant Potterff, with the knowledge and acquiescence of Smith, represented to the plaintiffs that he, Potterff, had a valid sublease from Smith upon the property at a 10 per cent. royalty, and procured the plaintiffs and their associates to join him in prospecting and developing the land as required by Smith's lease; that Potterff represented the plaintiffs in prospecting and drilling the land, and that he discovered valuable ore deposits therein, but kept such information from the plaintiffs; that he thereupon conspired and colluded with the defendant Smith, procuring him to execute a sublease to Mabon and Church, who success

tully, developed and operated the property and had paid Smith and Potterff a large amount of money as royalties. The cause was tried to the court, without a jury, resulting in findings and judgment in favor of the defendants and against the plaintiffs, from which judgment the plaintiffs, as plaintiffs in error, have appealed to this court.

Counsel for plaintiffs in error argue the 12 assignments of error under one head, contending, in substance, that the judgment of the trial court is clearly against the weight of the evidence, and advancing a number of propositions of law based upon a state of facts in accordance with plaintiffs' allegations and counsel's view of the weight of the evidence.

We have carefully read the evidence as set out in the brief of counsel for plaintiffs in error, and also have examined the evidence in the case-made, and we cannot say tnerefrom that the judgment of the trial court is clearly against the weight of the evidence. Counsel for defendants in error have summarized the evidence as follows:

"In conclusion, defendants urge that there is no evidence sustaining the charge that Smith knew and acquiesced in any representations made by Potterff to plaintiffs; that there is no evidence that the Potterff drilling found ore in paying quantities; that there is no evidence that Potterff and Smith colluded together in violation of any rights of plaintiffs; that there is no evidence that Potterff is receiving, or has ever received, any royalties, moneys, or other benefits from the Fish land, but the evidence overwhelmingly establishes the reverse of each proposition."

Although we would not say that the evidence "overwhelmingly establishes the reverse of each proposition," an examination of the record does disclose that plaintiffs in error did not substantiate by evidence some of the material matters pleaded by them, and the defendants did establish their defense by the weight of the evidence. This makes it unnecessary for us to discuss any of the propositions of law asserted by counsel for plaintiffs in error, for it is well settled in this jurisdiction that the judgment of the trial court will not be disturbed on appeal where, after weighing the evidence in the record, the court cannot say that such judgment is against the clear weight thereof. Schock v. Fish et al., 45 Okla. 12, 144 Pac. 584; Crump v. Lanham et al., 67 Oklahoma, 168 Pac. 43.

The cause is therefore affirmed.

OWEN, C. J., and KANE, HARRISON, JOHNSON, and BAILEY, JJ., concur.