## CHORTNEY v. CURRY.

No. 9685—Opinion Filed May 4, 1920.

(Syllabus by the Court.)

1. **New Trial—Grounds—Newly Discovered Evidence—Showing Required.**

In a motion for a new trial on the grounds of newly discovered evidence as authorized by section 5037, Rev. Laws 1910, the burden is on the moving party to prove that with reasonable diligence he could not have discovered the evidence relied upon prior to the trial, and that this newly discovered evidence would probably change the result if a new trial were granted, and the evidence must be material to the issue. Ordinarily newly discovered evidence which is merely cumulative, impeaching, or contradictory is not sufficient for a court to grant a new trial.

2. **Appeal and Error—Review—Refusal of New Trial on Ground of Newly Discovered Evidence—Record of Evidence at Trial.**

Where a petition for a new trial on the grounds of newly discovered evidence is overruled and an appeal is taken from the order overruling the same, but not from the judgment in the former suit, this court will be unable to find that the newly discovered evidence would probably change the result if a new trial were granted unless the evidence at the former trial is brought to this court. The evidence at the former trial may be presented and considered by the trial court at the time the motion for a new trial is passed upon, and thus upon an appeal may be brought to this court.

3. **Same—Time for Service of Case-Made.**

In the instant case the losing party in the trial court moved for a new trial on the grounds of newly discovered evidence and for the reason that it was impossible to make case-made. The trial court overruled both motions, and an appeal is taken to this court. We have examined the record, and are unable to find that there is any error in the action of the trial court in overruling the above motions, for the reasons stated in the opinion.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Replevin by Mose Chortney against Ash Curry. Judgment for defendant, and, from the action of the court in overruling his motion for new trial, plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Jarrett & Speakman, for defendant in error.

HIGGINS, J. The plaintiff in error, plaintiff below, instituted an action in replevin against the defendant in error, defendant below, in a justice of the peace court

for the possession of a horse. The first jury failed to agree; the second, however, returned a verdict in plaintiff's favor. The defendant appealed to the county court, and the verdict of the jury in that court was in defendant's favor. On May 21st, the motion for a new trial was overruled and judgment for the defendant for the possession of the horse was entered, and time was granted plaintiff to prepare and serve case-made.

On July 2nd following, there was presented to the court a petition for new trial on the grounds of newly discovered evidence, as is provided by section 5037, Rev. Laws 1910. The evidence in support of this motion consisted of affidavits in which it was claimed that one of the witnesses for the defendant subsequent to the trial had made contradictory statements to those testified by him at the trial. The court overruled the petition for a new trial, and time was granted plaintiff to prepare and serve case-made. By various orders time for serving case-made was extended to October 18th. There was no case-made served on the defendant within this time. After the expiration of the time to file an appeal in this court from the judgment of May 21st, to wit, on December 22nd, the court attempted again to extend the time to December 29th to serve case-made. On December 22nd, the plaintiff filed his third motion for a new trial, and in this motion he alleges that he was prevented from appealing from the judgment entered against him on May 21st for the reason the court reporter had failed to furnish him a case-made prior to October 18th, the last day left to him to serve the case-made. He states that he had made arrangements with the reporter to furnish him the case-made before that date in time to serve on opposing party; that the reporter forwarded him the case-made by express; that it reached the express office in the town where he resided October 19th, which was after the expiration of the time to serve the same.

The court overruled this third petition or motion for a new trial, exceptions were allowed, and notice of an appeal was given. On December 29th, the court signed and settled the purported case-made, and the same was filed in this court January 2nd following. The purported case-made does not contain the evidence adduced at the trial of May 21st but does contain the affidavits presented to the court July 2nd when the petition for new trial on the grounds of newly discovered evidence was overruled. It is more in the nature of a petition in error with transcript attached than with case-made attached.

The questions presented for review in this court are, first, whether the trial court erred in overruling the motion for new trial on the grounds of newly discovered evidence; and, second, whether the court erred in overruling the petition for new trial for the reason, as defendant alleges, he was prevented from appealing from the judgment of the trial court of May 21st on account of the failure of the reporter to make a case-made.

Both of these motions are based on section 5037, supra, which, so far as the facts of this case are concerned, is as follows:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; * * *"

Now, as to the motion for a new trial on the grounds of newly discovered evidence, the burden is on the moving party to prove that with reasonable diligence he could not have discovered the evidence relied upon, and that this newly discovered evidence would probably change the result if a new trial were granted, and it must be material to the issue. Ordinarily newly discovered evidence which is merely cumulative, impeaching, or contradictory is not sufficient. Vickers v. Phillips Carey Company, 49 Okla. 231, 151 Pac. 1023, 20 R. C. L. 294-295. We have not before us the evidence adduced in the former trial of May 21st. This evidence is competent. Chicago, R. I. & P. R. Co. v. Mosher, 76 Kan. 599, 92 Pac. 554. Not having the evidence of that trial before us, we cannot say that this newly discovered evidence would probably change the result if a new trial were granted. Neither can we say that the trial court abused its discretion in overruling the motion for a new trial, which we must do if this case is reversed for that reason.

Now, as to the second ground for a new trial—that is, that the reporter failed to furnish a case-made within the time fixed by the order of the court—we find that, to grant a new trial for that reason, under the wording of the statute, it must have been impossible to make a case-made and the complaining party must be without fault. October 18th was the last day fixed for serving the case-made. The last day for filing appeal in this court from the judgment of May 21st was November 21st, consequently the

plaintiff could have asked for additional time to serve case-made, and this could have been done without any great inconvenience, and his right of appeal could have been thereby saved to him.

The case-made in this case was made within the time that an appeal could have been taken to this court. The plaintiff permitted his time to elapse without securing additional time to serve the case-made. Consequently we cannot say as a matter of law that it was impossible to make a case-made within the time fixed by law to file a petition in error in this court; and, for the reason the plaintiff permitted his time to serve case-made to elapse without asking for additional time to serve the same, we cannot say that plantiff is without fault in losing his right of appeal.

We cannot review the petition in error in so far as the judgment of May 21st is concerned, for the reason the same was not filed in this court within time fixed by law.

The appeal from the judgment of May 21st is dismissed. The judgment of the trial court of July 2nd overruling the petition for a new trial on the grounds of newly discovered evidence is affirmed, and the judgment of the trial court of December 22nd overruling the motion for a new trial on the grounds that it was impossible to make case-made is affirmed.

OWEN, C. J., and PITCHFORD, JOHNSON, and McNEILL, JJ, concur.