**LAMB v. ALEXANDER et al.**

No. 11152—Opinion Filed March 1, 1921.

Rehearing Denied May 10, 1921.

Application to File 2nd Petition for Rehearing Denied Nov. 8, 1921.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeals —Law of the Case.**

Where a case is brought a second time on error to this court, the first decision will be deemed to be the settled law of the case, not merely as to all questions actually presented, but as to all questions existing in the record and necessarily involved in the decision.

2. **Appeal and Error — Review of Equity Case—Evidence—Sufficiency.**

In an equitable action the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence.

3. **New Trial—Grounds—Newly Discovered Evidence.**

In a motion for a new trial on the ground of newly discovered evidence, the moving party must show that the newly discovered evidence will probably change the result; that it has been discovered since the trial; that it is such that could not have been discovered before the trial by the exercise of due diligence; that it is material to the issue; that it is not merely cumulative to the former evidence; that it will not merely impeach or contradict the former evidence, and the facts constituting due diligence must be shown, so that the court may determine whether the diligence was sufficient.

4. **Appeal and Error—Discretion of Trial Court—New Trial.**

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and where the record does not show abuse of such discretion, the action of the court on such motion will not be disturbed by this court.

5. **Same—Amendment of Pleadings.**

The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal unless clear abuse of such discretion is shown.

**6. Trusts—Resulting Trusts—Enforcement of Partnership Interest in Land—Sufficiency of Evidence.**

Record examined, and held that the judgment of the trial court is not against the weight of the evidence.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by Taylor Hardridge against Frank F. Lamb, M. M. Alexander, and others, to recover real estate and quiet title, with answer and cross-petition by defendant Alexander, and answer thereto by defendant Lamb. Judgment for defendants against plaintiff, and judgment for defendant Alexander against defendant Lamb, and the latter brings error. Affirmed.

Frank F. Lamb and Phil D. Brewer, for plaintiff in error.

Chas. A. Dickson and Cochran & Ellison, for defendants in error.

NICHOLSON, J. This action was commenced on the 2nd day of June, 1913, in the district court of Okmulgee county, by Taylor Hardridge against Frank F. Lamb and M. M. Alexander and others, to recover certain real estate lying in said county, and to have title thereto quieted in the plaintiff. Alexander filed his answer and cross-petition, claiming that he was the owner of an undivided one-half of the south 30 acres of the southeast quarter of the northwest quarter of section 27, township 15 north, range 14 east, being a portion of the land set out in plaintiff's petition, the legal title to the same being in Frank F. Lamb, his codefendant, but that said Lamb held said land in trust for himself and defendant Alexander; that Alexander and Lamb acquired title to said land of Eli Hardridge through and by virtue of a contract of employment as attorneys, to render legal services to said Eli Hardridge in an action for the partition of certain lands in Okmulgee county, of which this 30 acres was a part; that in said action said Hardridge was successful, and in pursuance of said contract of employment said 30 acres was deeded to Frank F. Lamb in trust for the use and benefit of Lamb and Alexander; and, further, that by reason of a contract of dissolution of said partnership between Lamb and Alexander, Lamb agreed to hold in trust said land and convey an undivided one-half thereof to Alexander; and praying the court to decree that the deed taken by the defendant Lamb from Eli Hardridge on the 2nd day of May, 1912, was taken by him in trust for the use and benefit of said Lamb and Alexander, and that said Alexander is the owner in fee of said undivided one-half interest in and to said lands.

Lamb filed answer to said cross-petition, admitting the partnership between himself and Alexander, and the dissolution thereof, but denied that Hardridge employed Lamb and Alexander as alleged in said cross-petition, and avers that said Hardridge employed said Frank F. Lamb as his attorney to prosecute said action. He admits the execution of the contract of dissolution and claims that he carried out the terms thereof by conveying certain lands (other than the 30 acres in controversy) to A. D. Adcock upon the order of Alexander, and avers that the 30-acre tract was conveyed to him in consideration of other legal services rendered by him to said Hardridge after dissolution of the partnership of Lamb and Alexander, and avers that said Alexander has no right, title, or interest in and to said 30-acre tract.

On the 19th day of June, 1915, said issues between Lamb and Alexander were tried and judgment for Alexander rendered. From this judgment Lamb appealed to this court, and the judgment of the trial court was reversed and the cause remanded, with directions to grant a new trial; the ground of reversal being that the trial court erred in excluding certain evidence offered by Lamb tending to prove that the 30 acres was conveyed to him in payment for services rendered by Lamb, and not in consideration of services rendered under the contract of employment. Lamb v. Alexander, No. 7789, 74 Oklahoma, 179 Pac. 587. Upon the second trial, judgment was again rendered for the defendants in error, and from this judgment Lamb brings error.

In the brief of plaintiff in error it is urged, first, that the court erred in giving judgment for Alexander upon the proof in the record, for the reason that there was no substantial compliance with the requirement in the contract dated April 6, 1907, known as the condition precedent; second, that the defendant in error Alexander, as an attorney at law, having accepted a judgeship, cannot recover for alleged services rendered after accepting such judgeship, either directly or indirectly; third, that the facts of this case do not support the findings that a trust resulted; fourth, that if there is anything due Alexander, he could only recover the same in an action for an accounting.

All of these questions were presented in the former appeal of this cause and were necessarily considered by the court there, and decided adversely to the contention of the plaintiff in error. The rule is that

when a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, not merely as to all questions actually presented, but as to all questions existing in the record and necessarily involved in the decision. A. J. Harwi Hardware Co. v. Klippert et al., 73 Kan. 783; Oklahoma City Electric, Gas & Power Co. v. Baumhoff, 21 Okla. 503, 96 Pac. 758; Wellsville Oil Co. v. Miller et al., 48 Okla. 386, 150 Pac. 186; Kingfisher Improvement Co. v. Talley, 51 Okla. 226, 151 Pac. 873; Childs et al. v. Cook, 68 Oklahoma, 174 Pac. 274; Midland Valley R. Co. v. Ezell, 62 Okla. 109, 162 Pac. 228; Ezell v. Midland Valley R. Co., 73 Oklahoma, 174 Pac. 781; St. Louis & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38.

On the former appeal of this case, the court held that the defendant in error could maintain the action upon the contract of dissolution, the second paragraph of the syllabus reading:

"Where the liabilities of a copartnership have been discharged, and the partners have entered into a contract dissolving the same and settling all the partnership affairs between themselves, and the contract of settlement has been executed by both parties, except as to one particular partnership transaction regarding which one of the partners fails and refuses to perform the contract, the other partner may maintain an action against him to enforce the contract in regard to such transaction."

The court necessarily considered all the aforementioned questions presented, and which are again presented here, in arriving at its conclusion, and the same will not be made a subject of re-examination in this appeal, but the decision there will be deemed the settled law of the case.

The fourth paragraph of the syllabus of the opinion in the former appeal sets out the reason for reversal, and is as follows:

"Plaintiff and defendant, as attorneys, had a contract of employment with a third party in an action to recover 120 acres of land, whereby it was agreed that such third party should pay the plaintiff and defendant one-fourth of value of the land recovered. There were 120 acres of land recovered in said action. Subsequently the third party conveyed 30 acres of said land to the defendant. The plaintiff brings action against the defendant to recover a one-half interest therein, alleging that the 30 acres was conveyed to the defendant for services rendered under said contract of employment, and that the defendant took title to said land in his name for both plaintiff and defendant. The defendant in his answer denies that plaintiff has any interest in the land in controversy, and further alleges that the land was conveyed to him by the third party in consideration of services rendered the third party by the defendant individually. The plaintiff introduced testimony to establish that said land was conveyed to the defendant by the third party in consideration of services rendered under the contract of employment. The defendant offered testimony to prove that said 30 acres was conveyed to him by the third party in consideration of services rendered to third party by him, and not in consideration of services rendered under contract of employment. On objection the court excluded such evidence as not being within the issue. Held, that the evidence offered by the defendant was within the issues and competent, and that the court committed prejudicial error in excluding the same."

On the second trial, the plaintiff in error was allowed to introduce testimony in an attempt to show that the 30-acre tract in controversy was received by him in payment for other services he had rendered, and not in satisfaction of services rendered under the contract of employment in which Alexander was interested, and he was also allowed to introduce testimony in an attempt to show that he had settled with Alexander for Alexander's interest in the fees or property received under the partnership contract of employment by professional services rendered in Alexander's election contest case. The trial court found against the plaintiff in error on both of these propositions, and an examination of the record convinces us that these findings are supported by the evidence, and are not against the weight thereof.

It has been consistently held by this court that in an equity case, where the judgment of the trial court is not against the weight of the evidence, it will be sustained. Hogan v. Grimes, 78 Okla. 184, 189 Pac. 353; Robinson v. Potterff, 78 Okla. 202, 189 Pac. 744; Parker v. Tomm, 78 Okla. 103, 188 Pac. 1074; Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235; Van Winkle v. Henkle, 77 Okla. 34, 186 Pac. 942; Clinton v. Miller, 77 Okla. 173, 186 Pac. 932; Day v. Keechi Oil & Gas Co., 72 Oklahoma, 180 Pac. 366; Haynes v. Gaines, 76 Okla. 268, 185 Pac. 74.

In the reply brief of the plaintiff in error, he complains of the action of the trial court in overruling his amended and supplemental motion for a new trial, setting up newly discovered evidence. The newly discovered evidence set out in the motion would have been merely cumulative, and in our opinion was not such as would probably have changed the result, and we do not think the evidence was such as could not have been discovered before the trial by the exercise of due diligence. The plaintiff in error knew that it was incumbent upon him to establish that

the 30-acre tract was conveyed to him in satisfaction of services rendered other than under the contract of employment. He should have known what the evidence of Eli Hardridge would be, and could, it seems to us, by the exercise of due diligence, have obtained the evidence mentioned in the motion for a new trial. In Midland Valley R. Co. v. Goble, 77 Okla. 206, 186 Pac. 723, it is held:

"A rule of wide recognition regarding the granting of new trials on the grounds of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by the exercise of due diligence. (4) It must be material to the issue. (5) It must not be merely cumulative to the former evidence. (6) It must not be to merely impeach or contradict the former evidence." Chortney v. Curry, 78 Okla. 206, 190 Pac. 387.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and where the record does not show an abuse of such discretion, the court's action on such motion will not be disturbed. In re Klufa's Estate, Dufek et al. v. Klufa, 78 Okla. 13, 188 Pac. 329. We cannot see that the record shows an abuse of discretion by the trial court in overruling the motion for a new trial.

The thirteenth assignment of error is that the court erred in refusing to permit Lamb to withdraw his pleadings and file his amended answer. While this assignment of error is mentioned in his reply brief, it is not argued, and is therefore waived; and, furthermore, the allowance of an amendment to a pleading is in the sound judicial discretion of the trial court, and the action thereon will not be disturbed on appeal unless a clear abuse of such discretion is shown. Mackenzie v. City of Anadarko, 72 Oklahoma, 178 Pac. 483; Burr v. Gordon, 68 Oklahoma, 173 Pac. 527; American Nat'l Ins. Co. v. Rardin, 74 Oklahoma, 177 Pac. 601.

We have examined the record, and find that the evidence reasonably supports the judgment of the court. Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.