## CLARK v. SHARUM.

No. 11371—Opinion Filed June 19, 1923.

Rehearing Denied July 24, 1923.

1. **Appeal and Error — Presumptions — Quieting Title—Competency of Grantor —Burden of Proof.**

Where the competency of the grantor is drawn into question in a suit for possession and to cancel deeds and quiet title, and the defense is based upon a deed or deeds regular in form and introduced in evidence, the presumption is in favor of the competency of the grantor and the burden is upon the plaintiff to show by a preponderance of the evidence the incompetency of the grantor to execute the deed or deeds, but if the trial court finds the issues in favor of the plaintiff and against the defendant in such a case, on appeal, the burden shifts to the defendant to point out clearly wherein the trial court erred in its findings, in order to overcome the presumption that the findings and judgment of the court are right.

2. **Champerty and Maintenance—Applicability of Statute to Indian Lands.**

Where the competency of a Cherokee freedman to execute deeds conveying title to his homestead and surplus allotments, on the ground of minority, is drawn into question in a suit for possession to cancel the deeds and quiet title, and the question of champerty is raised under section 2260, Revised Laws of 1910, by the party in possession claiming title under deeds executed by the minor allottee, against another claiming title by deed executed by the allottee after his majority, held this statute does not apply.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Craig County: A. C. Brewster, Judge.

Action by A. H. Sharum against A. C. Clark to quiet title. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles A. Moon and Francis Stewart, for plaintiff in error.

Archibald Bonds and Kelley Brown, for defendant in error.

Opinion by THREADGILL, C. The defendant in error, A. H. Sharum, as plaintiff, brought an action in the district court of Craig county, against A. C. Clark and other defendants, who have no interest in this appeal, for the purpose of quieting his title to the S. E. 10 acres of lot 7, sec. 6; the W. ½ of S. W. ¼ of S. E. ¼; N. E. ¼ of S. E. ¼ of S. W. ¼ of sec. 7, T. 28 N., R. 18 E., being in Craig county, Okla., and for possession of same and rents as damages in sum of $720 for unlawful detention. He obtained his title by a deed dated September 1, 1909, from on Will Knave, who was a Cherokee freedman and the allottee of said lands.

A. C. Clark, the defendant, answered, denying the title of the plaintiff and claiming title in himself and the right to possession of said lands by a deed to the surplus, dated August 22, 1905, from the said allottee to one N. I. Lee and his grantees, and by a deed dated 18th day of January, 1908, from the said allottee to V. L. Hurt who had become the purchaser of the title of the surplus already attempted to be conveyed by the allottee; and by a deed dated the first day of December, 1908, to the homestead allotment from the allottee to N. I. Lee and his grantees, and finally by a deed to the surplus and homestead tracts, dated the 25th day of August, 1916, from the said allottee to himself. He asks that the title be quieted in himself. The plaintiff replied by a general denial. There was an interplea by Amelia Lee, one of the plaintiffs in error; but her claims are not insisted on in this appeal. The issues were tried to the court without a jury on the 13th day of June, 1919. The parties agreed on all the facts as to the identity of the allottee, and the lands allotted to him as a Cherokee freedman, and as to the dates of the deeds and their being based on valuable considerations and being duly recorded and all the facts at issue except the age of the allottee, and amount of damages, by stipulations filed in the case.

The facts to be determined by the testimony were the age of the allottee at the time his deeds were given and the damages claimed by the plaintiff. The court heard the testimony of the witnesses as to these facts and on the 10th day of November, 1919, rendered judgment in favor of the plaintiff and against the defendants, quieting the title and adjudging possession and damages in the sum of $270. From this judgment the defendant, A. C. Clark, appeals, and brings

the cause here for review by petition in error and case-made. There are 12 assignments of error and the plaintiff in error considers them under two headings as follows:

(1) "The court erred in holding that the presumption of the validity of the deeds of plaintiff in error, A. C. Clark, which antedated the deeds of the defendant in error, Sharum, who was plaintiff below, was overcome by the testimony of the one negro witness, Ross, whose testimony was self contradicting and impeached by other evidence in the case. The deeds to plaintiff in error being regular warranty deeds, carried with them the presumption that the allottee was of age at the time and the enrollment records not being evidence to the contrary the testimony should have been clear and convincing to overthrow this presumption.

(2) "Plaintiff in error should be entitled to the benefit of the prior decisions of the Supreme Court of this state. Prior to the filing of this litigation, the Supreme Court of this state had held that deeds taken in the same manner that the deed of A. H. Sharum was taken were champertous and void as against the party in possession, as was. Mr. Clark, and that the party in possession could take a deed from the champertous grantor and complete his title and exclude the title of the person taking the champertous deed. Mr. Clark, even if his first deeds were void, completed his title by his deed in 1916, while he was in undisturbed and undisputed possession of the premises, claiming title thereto, and his title should not be disturbed in this suit."

1. The first contention of the defendant is that the court erred in holding that the testimony of the plaintiff was sufficient to show that Will Knave, the allottee, was not 21 years of age at the time he executed his deed of the 22d day of August, 1905, for his surplus allotment to N. I. Lee, and in holding that he was not 21 years old on the 8th day of January, 1908, when he executed a warranty deed to V. L. Hurt, which was for the surplus allotment, and in holding that he was not 21 years old on December 1, 1908, when he executed his warranty deed for his homestead allotment to N. I. Lee.

He contends that these deeds being regular warranty deeds and being introduced in testimony that this is a presumption in favor of the grantor's majority at the time he executed them, and we agree with this contention that, the deeds being introduced in evidence, the presumption is in favor of the validity and the competency of the grantor to execute them and convey the title, as set out in the case of Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758, and

cases cited therein; but we are confronted with another presumption of law in cases of this sort which we cannot disregard; where the issues are tried to the court without a jury and there is any substantial testimony tending to prove the facts at issue the presumption is in favor of the court's judgment and the findings of the court below will not be disturbed on review by this court unless clearly against the weight of the evidence. Checote v. Berryhill et al., 48 Okla. 69, 150 Pac. 679; Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519; Mitchell v. Leonard, 55 Okla. 626, 155 Pac. 696; Hogan v. Grimes, 78 Okla. 184, 189 Pac. 353; Robinson v. Potterff et al., 78 Okla. 202, 189 Pac. 744; Parker v. Tomm, 78 Okla. 103, 188 Pac. 1074.

The trial court, after hearing the testimony, gave judgment against the deeds of the defendant and the competency of the allottee to execute them and this presumption is as great and entitled to as much consideration and weight as the presumption proposed by the defendant in the trial of the case in the court below. Now in what way shall we settle this controversy? This court will examine the evidence and if the trial court's judgment is not based upon substantial evidence, and is against the weight of the evidence, this court will set the judgment aside and render judgment for the defendant, but where there is evidence, although conflicting, tending to prove the facts upon which the judgment of the trial court is based, this court will affirm the judgment.

We have examined all the evidence in this case—the enrollment record as it applies to the deed of the homestead allotment, which deed was dated December 1, 1908, and which record shows the allottee to be 13 years old April 4, 1901, and the evidence of Ed. Ross, who states very clearly that the allottee was born the latter part of January, 1888, and tells the sort of work he was doing before and at the time; that he and the allottee's father were close friends and boys and young men together and his mother was the midwife when the allottee was born; that it was cold weather, and after they finished the railroad bridge across Grand river and the sister was born the next year in June, and his mother was the midwife, although somewhat impeached, is substantial testimony and the trial court was better qualified to determine the weight of the testimony and pass on the credibility of the witnesses than this court, as stated in Laurence v. Henry et al., 75 Okla. 250, 182 Pac. 489, — and the judgment of the court, that the deeds given by the allottee in 1905

and 1908, were given during the minority of the allottee and invalid, and the deed given by the allottee to the plaintiff September 1, 1909, was given after the majority of the allottee and therefore valid, will be presumed by this court to be correct.

2. The defendant further complains that the deed given by the allottee September 1, 1909, was champertous and void as to the defendant under provision of section 2260, Revised Laws 1910, for the reason the defendant was in possession under color of title.

We cannot agree with this contention, since this court has held in numerous cases that this statute does not apply to members of the Five Civilized Tribes, and the defendant does not furnish any good reason for overruling these decisions Gannon v. Johnson et al., 40 Okla. 695, 140 Pac. 430; Ashton v. Noble et al., 46 Okla. 296, 148 Pac. 1043; Sells v. Mooney, 79 Okla. 34, 190 Pac. 861; Murrow Indian Orphans Home v. McClendon, 64 Okla. 205, 166 Pac. 1101; Whitmire v. Levine, 80 Okla. 21, 193 Pac. 884.

The judgment of the court below is affirmed.

By the Court: It is so ordered.