## BRONAUGH et al. v. SHARP et al.

No. 13097—Opinion Filed April 15, 1924.

**1. Appeal and Error—Review of Evidence —Equity Case.**

In an equity proceeding the Supreme Court will weigh the evidence, but the findings and judgment of the trial court will not be disturbed if such findings and judgment are not against the clear weight of the evidence.

**2. Same—Judgment Sustained.**

Record examined, and held, that the findings and judgment of the trial court are not against the clear weight of the evidence; and held, that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Ruby Ritchie Sharp, Alta P. Ritchie, and R. R. Hall, against V. Bronaugh and Grace Nelson, to quiet title to certain lands in Johnston and Atoka Counties. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. G. Ralls, for plaintiffs in error.

Hatchett & Semple, Gordon Fryer, and C. S. Arnold, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiffs in error, defendants below, will be referred to herein as defendants, and

the defendants in error, plaintiffs below, as plaintiffs.

This action was brought for the purpose of quieting the title in plaintiffs to certain lands in Atoka and Johnston counties, described as follows:

"Lots one (1) and two (2), and the south half of the northeast quarter and the northwest quarter of the northwest quarter of the southeast quarter of section one (1) in township four (4) south and range eight (8) east, and the north half of the northwest quarter and the north half of the south east quarter of the northwest quarter, and the southwest quarter of the northwest quarter, and the north half of the northwest quarter of the southwest quarter and the southwest quarter of the northwest quarter of the southwest quarter of section seventeen (17) in township three (3) south and range nine (9) east of the Indian base and meridian, containing 339.81 acres of land."

The land comprised the allotment of Cole E. Nelson, a Choctaw Indian, who died intestate, unmarried, and without issue in November, 1902, leaving him surviving as his sole heirs, Isaac Nelson, father, and Emma Nelson, mother. The plaintiffs claim that they acquired the ownership of said land by a deed executed by Isaac and Emma Nelson, father and mother of Cole E. Nelson, which deed was executed and delivered on about the 17th of November, 1903, and that plaintiffs or those under whom they claim took possession of the property at about that time and have been continuously in possession thereof from then up to the time suit was filed, which was December 5, 1917. That the deed was never placed of record, but was lost; that defendants claim some interest in the land adverse to plaintiffs and that such claims are void, but constitute a cloud upon plaintiffs' title; and seek to quiet title in themselves.

In the original petition W. H. Ritchie and R. R. Hall appear as plaintiffs, but later on W. H. Ritchie died, and the cause was revived in the name of Ruby Ritchie Sharp and Alta P. Ritchie. In the petition as originally filed, James Nelson, a minor, was made a party defendant, but the cause was later dismissed as to such minor for the reason that any interest he might have had was sold at guardianship sale and bought by V. Bronaugh, another of the defendants. The plaintiffs filed an amended petition on which the cause was tried. The substance of the amended petition was the same as hereinabove set forth.

The defendants filed answer and cross-petition. The answer is a general denial, except such things as are admitted; and a specific denial that Emma Nelson, mother of Cole E. Nelson, signed the deed of November 17, 1903. By way of cross-petition defendants V. Bronaugh and Grace Nelson alleged that upon the death of Emma Nelson, in April, 1904, she was the owner of a one-half interest in the property in controversy and left surviving her certain heirs, her children, including Grace Nelson, one of the defendants, and others under whom the defendant V. Bronaugh claims by reason of deeds executed by them about October, 1917; and seek to recover rents and profits upon their interests in the said lands and to quiet their title to the interest claimed. The plaintiff replied to the answer and cross-petition by general denial.

The cause was called for trial on the 25th of February, 1921, and tried to the court, resulting in a judgment for the plaintiffs, quieting their title to the property. Defendants appeal from the order and judgment of the court overruling their motion for a new trial. They assign many errors of the court, both in the motion for a new trial and in the petition in error. However, the one assignment of error raising the question of the sufficiency of the evidence to support the judgment is all the assignment necessary to be examined for a proper disposition of this appeal.

The dispute is over an undivided one-half interest in the land described. It is conceded that plaintiffs own an undivided one-half of the property. The only question in the whole case is, as to whether Emma Nelson, the mother of the allottee, Cole E. Nelson, executed and delivered the deed under which the plaintiffs claim, made and delivered on about the 17th of November, 1903. If she did, plaintiffs are entitled to the relief asked; if she did not, then there is some basis for the claim of the defendants. The court found from the evidence "that on November 17, 1903, said Isaac Nelson and Emma Nelson conveyed the said land for a valuable consideration, by valid warranty deed, to W. H. Ritchie, C. J. Ralston, and R. R. Hall, and thereafter C. J. Ralston conveyed his interest therein by proper conveyance to W. H. Ritchie", and quieted plaintiffs' title.

The rule is that in an equity proceeding the Supreme Court will weigh the evidence, but the findings and judgment of the trial court will not be disturbed if evidence was produced in that court reasonably tending to support the same, and if such findings and judgment are not against the clear weight of the evidence. Parker v. Tomm, 78 Okla. 103, 188 Pac. 1074; Hogan v. Grimes, 78 Okla. 184, 189 Pac. 353; Wyatt v. Shackleford, 79 Okla. 325, 193 Pac. 427; Stone v. Spencer, 79

Okla. 85, 191 Pac. 197; Tracy v. Norvell, 81 Okla. 94, 196 Pac. 929.

An examination of the record discloses that evidence offered on the part of the plaintiffs tended to show that the lands in question were allotted to Cole E. Nelson, a Choctaw Indian, and that he died intestate, unmarried, and without issue, in 1902, leaving him surviving Isaac Nelson and Emma Nelson, his father and mother, as his sole heirs; and that on about the 17th of November, 1903, the said Isaac Nelson and Emma Nelson, made, executed, and delivered a deed conveying the said land to the plaintiffs or their predecessors, and that plaintiffs and those under whom they claim took possession of the land at about the date of the deed and had remained in the undisputed possession thereof until the suit was filed, and were in possession when the cause was tried, and that the deed had been lost and never recorded.

The findings and judgment of the court were based upon this evidence; and it cannot be said that such findings and judgment were against the clear weight of the evidence.

We have gone over and considered all the assignments of error and the argument submitted in the brief of plaintiffs in error, and the authorities cited by them; and have reached the conclusion that defendants were not denied any substantial right upon the trial; and that there is no error in the record requiring a reversal of the judgment.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.