## ROESER et al. v. CITIZENS-FIRST NATIONAL BANK OF INDEPENDENCE, KAN.

No. 12767—Opinion Filed Feb. 26, 1924.

Rehearing Denied June 17, 1924.

**1. Appeal and Error — Findings — Conclusiveness.**

Where a case is tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and where reasonably supported by the evidence, will not be disturbed in the Supreme Court.

**2. Same.**

In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

**3. Same.**

From an examination of the entire record, held, the findings of the trial court are not clearly against the weight of the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by the Citizens-First National Bank of Independence, Kan., against Henry Roeser and others. From a judgment rendered in favor of the plaintiff, defendants bring error. Affirmed.

Chas. Richardson, for plaintiffs in error.

T. S. Hurst, W. N. Banks, O. L. O'Brien, Walter L. McVey, and Jay W. Scovel, for defendant in error.

Opinion by PINKHAM C. There were five cases pending in the district court of Pawnee county, by numbers 4440, 4441, 4443, 4444, 4445. In all of these cases the defendant in error, the Citizens-First National Bank of Independence Kan., was the plaintiff, but the defendants in the cases were not the same. By agreement, all of these cases were

submitted to the court without the intervention of a jury at one hearing, all evidence in all the cases being submitted at one time.

Each case is an action upon promissory notes. The execution and delivery of these notes is admitted, and it is admitted that the defendant in error, the Citizens-First National Bank, was the owner of them, and that the First National Bank of Independence, Kan., and the Citizens National Bank of the same place consolidated and became the plaintiff in all of these actions.

The parties will be referred to as plaintiff and defendants as in the trial court.

The record discloses that these various cases were consolidated and tried as one case, No. 4440, by the consent of all the parties interested. At the conclusion of all the evidence the court made findings of fact and conclusions of law and judgment was rendered, as follows:

That the plaintiff, the Citizens-First National Bank, of Independence, Kan., have and recover of and from the defendant Henry Roeser, in cause No. 4440, the sum of $2,329.59, with interest at 8 per cent. per annum from date of judgment;

That in cause No. 4441, the plaintiff have and recover of and from the defendant Henry Roeser the sum of $5,241.67, with interest at 8 per cent. from this date, and that said sum be and the same is declared to be a first lien upon the undivided 3-32 interest in and to the oil, gas and mineral lease described in said judgment;

That in cause No. 4443, the plaintiff have and recover of and from the defendant Geraldine Oil Company, a copartnership composed of Henry Roeser and Emma A. Roeser, the sum of $4,007.66, together with interest thereon at 7 per cent. from this date;

That in cause No. 4444, plaintiff have and recover of and from the defendants therein named, Henry Roeser and Emma A. Roeser, and each of them, the sum of $4,659.24, with interest at 8 per cent. from this date;

That in cause No. 4445, the plaintiff have and recover of and from the defendant Henry Roeser in said action the sum of $10,540.52, with interest at 7 per cent. from this date and that said sum be adjudged to be a first and valid lien upon the undivided 4-32 interest of Henry Roeser and upon the undivided 13-32 interest of Emma A. Roeser, in and to the partnership property known as the Geraldine Oil Company.

It was further by the court ordered, adjudged, and decreed that judgments be enter-

ed in each of the separate causes named in accordance with this consolidated judgment; that after ten days an order of sale issue in this cause, to wit, the Citizens-First National Bank of Independence, Kansas, v. Henry Roeser et al., No. 4440, consolidated, and that the same be levied upon the property of Henry Roeser and Emma A. Roeser copartners, and under the firm name and style of Geraldine Oil Company, describing in said judgment the specific lease involved in the action.

To all of which judgment and orders the defendants excepted.

Defendants filed their motion for new trial which was by the court overruled, exception taken, and the cause comes regularly on appeal to this court.

Defendant says in his brief:

"There are two questions involved which will determine whether or not error was committed by the trial court: First, was the name of Emma A. Roeser signed to the contract of May 13, 1913, with her consent or by one having authority so to do? Second, construction of the contract of May 13, 1913."

As we understand the argument of counsel for defendants in his brief, the errors complained of have reference mainly to the judgment of the trial court in case No. 4445, as it is stated in defendants' brief that in case No. 4440 the note therein set up has been paid, and the further statement contained in defendants' brief that in case No. 4443 the judgment should be affirmed. As to cases No. 4441 and No. 4444, it does not appear from the brief of defendants or the abstract what, if any, errors were committed by the court in these cases except that defendant Emma A. Roeser claims that she should be credited with the balance claimed by her under her theory in case No. 4444.

The facts and circumstances relating to the contract of May 13, 1913, and the signing of the name of Emma A. Roeser thereto are substantially as follows:

The Geraldine Oil Company was a mining partnership owning certain described leases. On and prior to said date the interests in said partnership were as follows: R. S. Litchfield, 10-32; J. M. Landon, 8-32; Tartar Oil Company, 8-32; D. F. Craig, 3-32; Henry Roeser, 3-32; and on said date said partnership was indebted in a sum approximating $50,000, more or less. The Tartar Oil Company was owned by Henry Leschen and William Roeser. On the 13th day of May, 1913, the above named partners, ex-

cepting the Tartar Oil Company, entered into a written contract by the terms of which Emma A. Roeser agreed to purchase, and did purchase, a 4-32 interest in said Geraldine Oil Company, and its properties, paying therefor the sum of $12,500 cash. Henry Roeser purchased a 4-32 interest in said Geraldine Oil Company, and in payment therefor executed a note for $10,000, dated May 13, 1913, to the First National Bank of Independence, Kan., the note sued upon in case No. 4445; and the Cleveland Petroleum & Refining Company purchased a 13-32 interest in said Geraldine Oil Company. By said purchase the interests of the said Litchfield, Landon, and Craig, in and to the Geraldine Oil Company and its properties, were extinguished except in so far as said parties may have had a lien on the Geraldine Oil Company for the unpaid balance of the purchase price. By virtue of said contract dated May 13, 1913, which was reduced to writing and signed by all the former owners of the Geraldine Oil Company, and Emma E. Roeser and the Cleveland Petroleum & Refining Company, it was agreed that the consideration for the sale of the above interests by Litchfield, Landon, and Craig, to wit, 21-32, should be $65,625, being 21-32 of $100,000. Also, by the terms of said contract it was agreed that within nine months the parties of the second part, to wit, Henry Roeser, Emma A. Roeser, and the Cleveland Petroleum & Refining Company, should pay the indebtedness of the Geraldine Oil Company.

In addition the Cleveland Petroleum & Refining Company agreed to execute a note for the remainder of the purchase price after deducting therefrom the sum of $10,000, to be paid by the Henry Roeser note, and $12,500 to be paid by Emma A. Roeser in cash.

It was further agreed in said contract that upon the payment of the notes therein provided for and any renewals thereof, and upon being furnished with satisfactory evidence of the payment of the indebtedness of the Geraldine Oil Company, the said Litchfield, Landon, and Craig, were to execute and deliver to the Cleveland Petroleum & Refining Company, Emma A. Roeser, and Henry Roeser, good and sufficient assignments and transfer of their interests in the aforementioned property; that it was agreed at said time that R. S. Litchfield, as attorney in fact for the Geraldine Oil Company, should continue to run and sell the oil produced and received from the premises; "that 21-32 of the money received from the sales of the oil so run and sold shall be first applied pro rata to the payment of expenses of conducting and operating said property, and the remainder of said share or proportion shall be endorsed upon the notes herein mentioned to apply toward the payment thereof."

The court found from the evidence that in furtherance of said contract said Emma A. Roeser paid to the Geraldine Oil Company $12,500, which was applied on its indebtedness; that Henry Roeser executed a note for $10,000 as provided in said contract, and that the Cleveland Petroleum & Refining Company executed its note for $20,000.

The court further found that thereupon the said R. S. Litchfield accepted oil runs of said Geraldine Oil Company and from the premises described, and that the amount of returns from oil runs received up to the last of January, 1918, was $42,712.32.

The court further found that of this sum the said R. S. Litchfield paid in operating expenses the sum of $20,785.45, leaving a balance on hand of $21,926.87. The court further found that no evidence has been introduced from which the court could determine the exact amount expended per month in the maintenance and operation of said lease.

The court further found that prior to the 1st day of January, 1918, the said R. S. Litchfield, of said remaining balance, paid to Emma A. Roeser $6,591, and to Henry Roeser the sum of $6,765.62.

The court further found that commencing January 1, 1918, and since said time there was received by R. S. Litchfield from oil runs of the Geraldine Oil Company from the premises described, the sum of $9,405.59; that the said Litchfield paid to Emma A. Roeser during said period of time $1,150, and that during said period of time he paid $——— for current operating expenses of the leases of the company, and that he applied upon the notes of Henry Roeser and Emma A. Roeser, and of the Geraldine Oil Company, the sum of $3,218.35.

The court further found that some time prior to the 3rd day of June, 1916, the Cleveland Petroleum & Refining Company acquired the interest of the Tartar Oil Company, and by said combining of interest became the owner of 21-32 of said lease, and that on the 3rd day of June, 1916, Emma A. Roeser acquired the interest of Cleveland Petroleum & Refining Company, and thereby became the owner of 25-32 of said lease, and properties of the Geraldine Oil Company, and that the ownership of said company at this time

Is in Emma Roeser and Henry Roeser in the following proportion: Emma A. Roeser owns 25-32, Henry Roeser 7-32; that Emma A. Roeser and Henry Roeser are husband and wife.

The court found that Henry Roeser was the agent of Emma A. Roeser and duly authorized by her to act for her in the execution of the contract of May 13, 1913, and his acts were in all things ratified by her; that it appears from the evidence that it was the intention of all the parties to the contract to sell to Emma A. Roeser a 1-8 interest in and to the Geraldine Oil Company free and clear from all idebtedness whatsoever, and that the $12,500 paid by her on the 13th day of May, 1913, was applied on the indebtedness of said concern.

It is conceded by plaintiff in its brief that this contract of May 13, 1913, was signed by Henry A. Roeser as attorney in fact for Emma A. Roeser. The evidence discloses that Henry Roeser told Emma A. Roeser, his wife, of the signing of this contract immediately upon its being signed, and it further appears that in case No. 4443, Emma A. Roeser set up this identical contract and relied upon it as a basis for the cross-petition in that case. It further appears that during all the time from May 13, 1913, to the time of the trial of this cause, a period of more than seven years, she took no steps or did anything to be relieved from her obligation under the said contract except asking R. S. Litchfield, through her husband Henry Roeser, to be released from any of the indebtedness upon the 1-8 interest which she purchased upon May 13, 1913.

It seems to be clear that Emma A. Roeser recognized the validity of the contract of May 13, 1913, as to her, and that she is in no position to complain of the findings made by the court to the effect that Henry Roeser was her agent and was duly authorized by her to act for her in the execution of the contract of May 13, 1913, and that his acts were in all things ratified by her; that the undivided 1-8 which she purchased under the terms of the contract was free from all indebtedness whatsoever, and that the $12,-500 paid by her on the 13th day of May, 1913, was paid upon the indebtedness of the company.

We conclude that the finding of the court with reference to the signing of the contract of May 13, 1913, by Emma A. Roeser, is reasonably supported by the evidence.

"Where a case is tried to the court without a jury the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and where reasonably supported by the evidence will not be disturbed in the Supreme Court." Hartley v. Riley, 85 Okla. 101, 204 Pac. 920.

The second proposition discussed in the brief of defendants relates to the construction of the contract of May 13, 1913, already referred to. Counsel for defendants says in the concluding pages of his brief:

"The only thing we contend for in this whole transaction is the application of money arising from the sale of oil as we have herein set forth. The court below refused to do this."

The record discloses that the Geraldine Oil Company was a partnership; that Henry Roeser and Emma A. Roeser became and were the sole owners of the interests in the Geraldine Oil Company, and all of the money that was paid out was paid out, either upon a portion of the $50,000 indebtedness existing upon May 13, 1913, or directly to Emma A Roeser or Henry Roeser, and credited upon the notes which it is admitted were executed and delivered by them to the plaintiff.

Defendants contend that if the money derived from the proceeds of the sale of the oil has been properly applied the note sued upon in No. 4445 would have been fully paid. This contention cannot be sustained.

Counsel for defendants in his opening statement to the court admitted that the plaintiff bank should have credit for any moneys that it paid upon the $50,000 indebtedness, and further that the money paid for the running expenses of the Geraldine Oil Company was properly paid out.

We conclude after careful examination of the entire record the findings of the trial court are not clearly against the weight of the evidence.

"In an equitable action the presumption is in favor of the finding of the trial court and it will not be set aside unless clearly against the weight of the evidence." Johnson v. Johnson et al., 82 Okla. 259, 200 Pac. 204.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.