## YORK v. CHAMBLEE & SON.

No. 13143—Opinion Filed March 4, 1924.

Rehearing Denied June 17, 1924.

(Syllabus.)

**Appeal and Error—Review—Findings—Conclusiveness.**

In a law action tried by the court without the intervention of a jury, a general finding by the court in favor of one of the parties will be given the same weight and effect upon appeal as would be given the verdict of a jury and will not be disturbed where there is sufficient evidence reasonably tending to support the same.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by J. P. Chamblee and Son against Troy York. Judgment for plaintiffs, and defendant brings error. Affirmed.

Frank H. Reed, John W. Willmott, and R. J. T. Roberts, for plaintiff in error.

B. F. Davis and J. A. Patterson, for defendants in error.

COCHRAN, J. This action was commenced by the defendants in error against the plaintiff in error to recover rent alleged to be due on certain lands in Seminole county. The case was tried to the court without a jury, and judgment returned in favor of the defendants in error. The parties will be referred to as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs allege that they rented 40 acres of land to the defendant for the year 1919 for crop rent, to be paid by the payment of one-third of the corn and one-fourth of the cotton grown on the premises for that year, and alleged that the defendant had refused to pay the rent. It was the contention of the defendant that there was no contract between the plaintiffs and the defendant. He admitted occupying the land for 1919, but claimed that he occupied the same under written contract with another person and that, even though plaintiffs were entitled to rent for 1919, there was no privity of contract between the plaintiffs and the defendant, and that the evidence was therefore not sufficient to support this action. An examination of the evidence discloses that there was a disputed question of fact as to whether the plaintiffs and defendant entered into a verbal contract for the land for the year 1919. This question was determined in favor of the plaintiffs, and since this was a jury case tried to the court, and there is evidence reasonably tending to support the finding of the trial court on this controverted question of fact, the same will not be disturbed on appeal. Having reached this conclusion, it is unnecessary to consider the other questions presented by the defendant, as a consideration thereof would be necessary only in the event of insufficient evidence to support the finding as to the existence of the contract. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ, concur.