### KLINE et ux. v. KOLLMAN.

No. 13169—Opinion Filed April 22, 1924.

Rehearing Denied June 24, 1924.

Second Rehearing Denied Sept. 16, 1924.

**1. Appeal and Error—Findings in Equity Case—Conclusiveness.**

In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

**2. Same—Finding Sustained.**

Record in the instant case examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

**3. New Trial—Newly Discovered Evidence Cumulative.**

The law authorizing the granting of new trials upon the ground of newly discovered evidence does not contemplate that such new trial shall be granted where the newly discovered evidence is merely cumulative.

**4. Same—"Cumulative Evidence."**

Cumulative evidence in the law governing the granting of new trials is additional evidence of the same kind and to the same point as that given on the first trial.

**5. Appeal and Error—Discretion of Trial Court—Refusal of Testimony in Hearing on Motion for New Trial.**

Record examined, and held, that the refusal of the trial court to permit the witness, O. B. H., to testify in support of plaintiffs' petition for a new trial did not constitute such an abuse of discretion on the part of the court as to justify a reversal in the absence of any showing made in the record that the testimony of the witness would have been otherwise than had already been incorporated in his affidavit and attached to plaintiffs' petition for a new trial.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by Ferdinand P. Kline and wife against Frederick Kollman, to have a deed declared a mortgage. Judgment for defendant and plaintiffs appeal. Affirmed.

Loofbourrow & Rizley, for plaintiffs in error.

R. E. Dickson, S. Wells, and H. L. Adkins, for defendant in error.

Opinion by FOSTER, C. Plaintiffs in error, as plaintiffs below, commenced this action against the defendant in error, defendant below, in the district court of Beaver county, Okla., to have a deed executed by them to the defendant in error on July 25, 1914, adjudged to be a mortgage, and that they be permitted to redeem by paying the mortgage indebtedness.

The parties will be hereinafter referred to as they appeared in the court below.

The cause was tried to the court without the intervention of a jury and a general finding and judgment was entered in favor of the defendant upon all issues. Motion for a new trial was filed and overruled and plaintiffs bring the cause regularly on appeal to this court upon petition in error and case-made.

Several assignments of error are relied upon by the plaintiffs as grounds for reversal.

The first proposition discussed and relied upon in the brief of plaintiffs is. that the court erred in overruling the motion of plaintiffs in error for a new trial, and in rendering judgment for the defendant in error against the plaintiffs in error.

There is no conflict in the evidence that in the year of 1910 the plaintiffs executed to the defendant a mortgage upon the real estate in controversy to secure a loan of $847.50, which was evidenced by a promissory note of the plaintiff, Ferdinand P. Kline, made payable to the defendant; that in the year of 1913, the note and mortgage were by the defendant turned over to his attorney, A. S. Dickson, Esquire, for collection, who thereupon instituted foreclosure proceedings in the district court of Beaver county, obtained judgment for the principal and accrued interest up to the time of the judgment, and for the foreclosure of the mortgage lien; that in pursuance of this judgment the real estate was advertised for sale on or about July 30, 1914; that a few days prior to the day of the sale, and on July 25, 1914, a deed was executed by the plaintiffs to the defendant as grantee, and it is this deed which plaintiffs are seeking to have declared a mortgage.

The evidence introduced is voluminous, and it can serve no useful purpose here to review the same at length. We have carefully examined the evidence and find that there is a sharp and irreconcilable conflict on many of the vital issues in the case. The burden of proof, however, was upon the plaintiffs to prove that the deed was intended to operate as a mortgage and to establish its character as a mortgage by clear and convincing evidence. Renas v. Green et al., 88 Okla. 169, 212 Pac. 755.

The execution of the deed was attended by certain very cogent circumstances which tended to establish the fact that it was intended to operate as a deed absolute. The entry of satisfaction of the judgment by the district clerk, the execution of a release of the mortgage by the defendant at the time the deed was executed, and the direction given by the defendant to record the deed, all done in the presence of the plaintiff, are persuasive circumstances in the light of which it can hardly be said that the testimony of the plaintiffs is of a very convincing character, and in view of these circumstances, we cannot say that the learned trial judge, who had a superior opportunity for knowing the witnesses and giving them proper credit, has not decided the facts correctly, or that his judgment is against the clear weight of the evidence.

In the case of Parks et al. v. Roach, 88 Okla. 19, 210 Pac. 402, it is said:

"In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence."

And this rule applies in an equity case to declare a deed a mortgage. Thomas v. Halsell et al., 63 Okla. 203, 164 Pac. 458.

It may be stated as a general rule in equity cases that the findings of the trial court will usually be sustained unless it appears that they are clearly against the weight of the evidence. Johnson v. Johnson et al., 85 Okla. 274, 206 Pac. 205.

We are persuaded the finding and judgment of the trial court, that the deed in question was executed as an absolute conveyance and not as a mortgage, is not against the clear weight of the evidence.

The next contention is, that plaintiffs should have been given a new trial upon the ground of newly discovered evidence. This contention cannot be sustained. An examination of the testimony of the various witnesses, which it is claimed was not discovered until the next term after the trial, discloses that all of this evidence was merely cumulative and did not relate to distinct and independent facts of a different character from those sought to be established at the trial.

The evidence submitted upon the petition for a new trial was all impeaching in its character, tending merely to impeach the testimony of the defendant as a witness in his own behalf. It has been held that to entitle a party to a new trial upon the ground of newly discovered evidence, such evidence must not merely impeach former evidence given at the trial. Ellis v. Mid-Continent Oil & Gas Co., 65 Okla. 124, 165 Pac. 177.

The record in this case discloses that a portion of the testimony of Mrs. Kline, one of the plaintiffs, Mrs. Laura Buchanan, and W. C. Rutledge was in impeachment of the defendant, and the evidence of the witnesses offered upon the petition for a new trial was simply additional evidence of the same impeaching character.

Nor can we agree that the action of the trial court in refusing to permit the witness, O. B. Hummer, to testify in support of plaintiffs' petition for a new trial was such an abuse of discretion on the part of the court as would operate to the substantial prejudice of the plaintiffs. There is no showing made in the record that the testimony of the said Hummer would have been other than that which had been incorporated in his affidavit attached to plaintiffs' petition for a new trial, and this evidence we have already found to be of a nature not entitling plaintiffs to a new trial. We are justified in presuming, we think, that his testimony, if permitted to testify, would have been the same as incorporated

in the affidavit filed, and before plaintiffs can predicate error upon the action of the trial court in refusing to permit the witness to testify, it would be incumbent upon them to make an offer or showing of the nature and character of the testimony the witness would give if permitted to testify. Gross et al. v. Lincoln, 81 Okla. 87, 196 Pac. 960.

Upon a survey of the whole record we cannot say that the trial court abused its discretion in refusing to grant plaintiffs a new trial upon the ground of newly discovered evidence.

For the reasons stated, the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.