## JOHNSON et al. v. JOHNSTON.

No. 13857—Opinion Filed Oct. 28, 1924.

1. **Action—Misjoinder of Causes—Waiver by Sureties on Supersedeas Bond—Liability for Use and Occupation of Land.**

Where plaintiff, in possession, brings an action to quiet title to certain real property, and the defendant, in his cross-petition, asserts title in himself to said property and seeks recovery thereof, and judgment is rendered accordingly in favor of the defendant, and the plaintiff appeals from said judgment and remains in possession of said property by executing a supersedeas bond, and the judgment is affirmed, and the defend-

ant commences an action against the principal and sureties on the supersedeas bond to recover the value of the use and occupation of the premises during said appeal, and against the principal, alone, to recover the value of the use and occupation of the premises, prior to the appeal, held, that the question of misjoinder of causes of action can be raised only by the sureties, they being the only ones as to whom there could be a misjoinder of causes of action; and held, further, that this objection is waived by the sureties filing an answer without having raised the question of misjoinder of causes of action by filing a special demurrer to that effect.

**2. Judgment—Use and Occupation for Series of Years—Counterclaim for One Year's Rental Not Splitting Cause of Action.**

Where, pending said appeal to this court, the defendant wrongfully entered upon the premises and destroyed the crops of the plaintiff, and the plaintiff commenced an action for the damages sustained thereby, and the defendant counterclaimed for the rental value of the premises for the year in which said crops were destroyed, but did not seek to recover the rental value of the premises for other years, for which the plaintiff was then liable, held, that the claim for the rent, then due for all the years in question, did not constitute a single cause of action in favor of the defendant, and the counterclaiming for the rent for the one year did not constitute a splitting of a single cause of action so as to bar a recovery for the rental value of said premises for such other years in a subsequent action.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by E. B. Johnston against Virginia Johnson et al.. Judgment for plaintiff, and defendants bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

Twyford & Smith, for defendant in error.

Opinion by JARMAN, C. This was an action in the district court of Carter county by E. B. Johnston against Virginia Johnson, J. C. Carter, Philip Ware, and Rufus Hooks, to recover the value of the use and occupation of certain real estate for the years of 1915 to 1921, inclusive. The cause was tried to the court without a jury, resulting in a judgment for the plaintiff, and the defendants bring error.

This case is the outgrowth of two other cases. Virginia Johnson brought an action against E. B. Johnston to quiet title to the land in question, and judgment was rendered

for the defendant, Johnston, in that case, and Virginia Johnson appealed therefrom to this court, and on March 9, 1918, executed an appeal and supersedeas bond in the sum of $500 which was regularly and duly approved. Virginia Johnson was in the possession of said land and remained in possession thereof until after said case was disposed of on appeal during the year 1921. The supersedeas bond was executed by Virginia Johnson as principal and J. C. Carter, Philip Ware, and Rufus Hooks as sureties. After said case was decided by this court, wherein the judgment of the trial court was affirmed, E. B. Johnston brought the instant case and seeks to recover on two causes of action. In the first cause of action, he seeks to recover from the principal and the sureties on the supersedeas bond the value of the use and occupation of the land for the years 1918, 1919, 1920, and 1921; and in the second cause of action he seeks to recover from the principal, alone, the value of the use and occupation of said land for the years of 1915, 1916, and 1917.

In the fall of 1918, after the case above mentioned had been appealed to the Supreme Court, E. B. Johnston forcibly took possession of said land and destroyed the crops grown thereon by Virginia Johnson, resulting in a suit being filed by her for damages in the sum of $500, and E. B. Johnston filed an answer therein, alleging that he was the owner of said land and was entitled to the rents therefrom for 1918, and asked that he have judgment for the value thereof. Virginia Johnson was given judgment for the differences between the damages sustained by her, $500, and the rental value of the land for 1918, $105, amounting to $395.

In the instant action, the defendant Virginia Johnson filed demurrer to plaintiff's petition on the ground that there was a misjoinder of causes of action in that the first cause of action was against her as principal and J. C. Carter, Philip Ware, and Rufus Hooks as sureties on the supersedeas bond, and the second cause of action was against the defendant Virginia Johnson alone.

The defendant Virginia Johnson in addition to a general denial, alleged in her answer that the cause of action set up by the plaintiff herein has been adjudicated, and that the plaintiff is now estopped to maintain this action for the reason that the rental value of the land in question, for all of the years referred to in plaintiff's petition, constitutes one cause of action, and that said cause of action, as to all of said years, existed in favor of the plaintiff at the time

he recovered, in the former action, the rental value of said land for the year of 1918, and that by reason of the plaintiff having split his cause of action by recovering for the value of the use and occupation of the land for only the year 1918, instead of all of the years in question, the cause of action as to the other years is res adjudicata.

The first proposition urged by the defendants is that the court erred in overruling the demurrer to plaintiff's petition on the ground of misjoinder of causes of action. The demurrer was on behalf of Virginia Johnson, only; the other defendants, sureties on the appeal and supersedeas bond, did not join in the demurrer. The petition alleges, and it is admitted, that the defendant Virginia Johnson was liable for the rental value of the premises for the years of 1915 to 1921, inclusive, while the other defendants are liable only for the rental value of said premises from the date of the appeal and supersedeas bond in 1918 to 1921, inclusive. So it is clear that there was no misjoinder of causes of action so far as the defendant Virginia Johnson is concerned, but if there were a misjoinder of causes of action it was as to the sureties, and since said sureties did not demur to the petition of the plaintiff on the ground of misjoinder of causes of action, this objection was waived. State Exchange Bank v. National Bank of Commerce, 70 Okla. 234, 174 Pac. 796.

The next assignment of error is that the court erred in overruling the demurrer to the plaintiff's evidence and in denying the motion of the defendants for judgment. In support of this assignment of error the defendants urge that, at the time E. B. Johnston filed his answer in the action brought by the defendant Virginia Johnson to recover damages in the sum of $500 for trespassing upon and destroying the crops grown on the land in question for 1918, in addition to the rent for 1918, the rent for all of the other years for which the plaintiff brought this action was due, and that the plaintiff could have counterclaimed in that action for the rents for all of said years and that, therefore, since the plaintiff counterclaimed for only the rent for 1918 in that action, the plaintiff split his cause of action, and the judgment in the former action is a bar to the recovery on the remainder of the cause of action for the years not included in the counterclaim. We do not agree with this contention. The rents for the years complained of do not constitute a single cause of action, and, therefore, it cannot be said that suing for one year's rent constituted a splitting of a single cause of action. Each year's rent constituted a separate cause of action. Each year's rent is separate and distinct from the other, and it would require separate and distinct proof for each year as to the value of the use and occupation of the premises for and during that year, and while the plaintiff may have joined all of these separate causes of action in one suit, he was not bound to do so. 15 R. C. L. pg. 964, sec. 439. The plaintiff, in support of his position, cites a number of cases holding that separate actions cannot be maintained to recover past due installments for rent. These cases are not applicable here because they refer to installments of rent under a single lease contract. In the instant case there was no contract at all, and the defendant was liable for the value of the use and occupation of the land according to the market value thereof for each year.

The defendants were not prejudiced by the actions of the court concerning the matters complained of, and the judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.