Note.—See under (1) 29 Cyc. p. 640; 20 R. C. L. p. 166. (2) 29 Cyc p. 653; 20 R. C. L. pp. 170, 171. (3) 29 Cyc. p. 653; 14 R. C. L. pp. 777, 778; 3 R. C. L. Supp. 283; 4 R. C. L. Supp. 918. (4) 37 Cyc. p. 1605; 14 R. C. L. p. 777; 3 R. C. L. Supp. 283; 4 R. C. L. Supp. 918. (5) 4 C. J. p. 1029. 38 Cyc. p. 1605. (6) 4 C. J. p. 1163.

---

## CALDWELL v. CARPENTER.

No. 15235—Opinion Filed March 24, 1925.

1. **Appeal and Error — Review — Questions of Fact—Verdict Conclusive.**

In the trial of an action at law before a jury, where there is any evidence reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal.

2. **Same.**

The verdict of the jury in such a case is conclusive upon this court upon appeal as to all conflicting evidence and disputed facts.

3. **Replevin — Defense — Indebtedness of Plaintiff.**

Property taken forcibly and without the consent of the owner may be recovered back, and the fact that the owner thereof was indebted to the wrongdoer is not a defense.

4. **Same—Exclusion of Evidence—Lack of Malice.**

In such circumstances it is not error to exclude evidence tending to show that at the time of the taking the plaintiffs were indebted to defendant, offered upon the theory that such evidence tends to show want of malice in the taking.

5. **Same—Excessive Damages — Exemplary Damages for Taking Property.**

A verdict, assessing damages for plaintiff in an action to recover the value of property forcibly and wrongfully taken, will not be set aside on the ground of the excessiveness of the damages, where the proceeding on the part of the defendant is vexatious and oppressive. The jury in such cases is authorized to give smart money.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. R. O. Carpenter against Jesse M. Caldwell, reviewed in Supreme Court in the name of E. H. Dahlinger, trustee for Jesse M. Caldwell, bankrupt. Judgment for plaintiff. Defendant brings error. Affirmed.

F. H. Reily and Chas. E. Wells, for plaintiff in error.

Goode & Dierker, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the superior court of Pottawatomie county by J. R. O. Carpenter, defendant in error, plaintiff below, against Jesse M. Caldwell, plaintiff in error, defendant below, to recover the sum of $200 damages for the value of blacksmith and carpenter tools, unlawfully taken by plaintiff in error, and $90 for the use of the tools, and for $100 expense in trying to recover the same, and for $1,000 punitive damages, and costs of the action.

The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

Since the trial of the cause and pending the appeal in this court, the defendant, Jesse M. Caldwell, has been adjudged a

bankrupt and the cause has been revived by proper proceedings in the name of E. H. Dahlinger, trustee for Jesse M. Caldwell, bankrupt, whose name is substituted as party plaintiff in error.

The petition of plaintiff alleges, among other things, that he was the owner of certain blacksmith and carpenter tools of the value of $200; that the same were stored in his house and in a dugout under his house; that during his absence from home and while his home was in charge of a nineteen-year-old daughter and two other minor children, the defendant, without authority and over the protest of his children, entered plaintiff's house and took therefrom the tools and unlawfully and maliciously took said tools and appropriated the same and deprived him of the use thereof; that the acts of said defendant were malicious, unlawful, and oppressive; and prayed that he be adjudged the sum of $1,000 in addition to the value of the tools as punitive damages.

The defendant answered by way of general denial.

The cause proceeded to trial upon these issues before the court and a jury, and at the close of the evidence the jury rendered its verdict in favor of the plaintiff and against the defendant in the sum of $200, value of the tools, and the sum of $500 as punitive damages.

Motion for new trial was filed by the defendant, heard, and overruled, exception reserved, and the court pronounced judgment upon the verdict of the jury in favor of the plaintiff and against the defendant for the sum of $200 actual damages and $500 punitive damages, or a total of $700, and the cost of the action.

The cause comes regularly upon appeal from said judgment by the defendant.

The attorneys for defendant, in their brief, set up and argue only one assignment of error, which is as follows:

"The court erred in overruling defendant's motion for a new trial and rendering judgment for the plaintiff upon the verdict of the jury."

The evidence disclosed that the plaintiff, J. R. O. Carpenter, was a blacksmith and the owner and in possession of blacksmith and carpenter tools of the value of $200, and that he was away from home and had left in charge his nineteen-year-old daughter and two other minor children; that the defendant, Jesse M. Caldwell, during his absence, came to his place and took possession of all these tools and sold them to a man by the name of Hunt; that the defendant was accompanied by Hunt, Shird Shirey, and Charles Largent, who assisted him in taking the tools away. The evidence is conflicting as to where the tools were located. The plaintiff testified that he placed a portion of them in his house in a box under his bed and the remaining portion of them under his house in a dugout and his nineteen-year-old daughter testified to the same state of facts as to where the tools were located. The defendant testified that they were in an old shop and not at the house. The daughter of plaintiff testified that the defendant made a demand on her for the tools and that she refused to let him have them and that, over her protest and tears, they went in the house and forcibly took the said tools and went under the house and took those out of the dugout, while she sat on the bed crying, and that they carried them across the road to an old shop; that defendant told her he had come to get the tools to sell them and that she told him that her father had placed her in charge of them and for her not to let anyone have them; that defendant said it would be all right with her father and said, "It has got to be all right." She replied that she did not know how she could help herself; that all four of the parties went into the yard and house and took the tools away; all four of them were present at the time of the conversations, detailed by her, and that Shird Shirey told her, "Whenever a banker takes a notion to do anything and anything like this, he goes ahead with it." The defendant says that the daughter of plaintiff gave him permission to take the tools. The evidence further discloses that there was no process in the hands of any officer to take the property; that there was no lien or mortgage against the property, although the plaintiff was indebted to the bank of which the defendant was cashier. It is significant that the defendant did not subpoena any of the other parties with him and did not produce them in court as witnesses, although they were in attendance upon the court.

Under the rule that, in a law action, the verdict of the jury is conclusive as to all disputed facts and to all conflicting statements, the jury, in this case, by its verdict, concluded this court upon all questions of fact in favor of the plaintiff. The further rule established by this court and all other courts that where there is any evidence in a law action reasonably tending to support the verdict of the jury an appellate court

will not invade the province of the jury and will not disturb the verdict of the jury, but will sustain it on appeal. Applying this well-established rule to the instant case, we are forced to the conclusion that there was ample evidence that the defendant and his associates wrongfully invaded the home of the plaintiff and, over the tearful protest of his daughter, took, carried away, and converted the property of the plaintiff to his actual damage in the amount of $200, as found by the jury. And where, as in this case, in the absence of the plaintiff father, the defendant with his three associates, without any claim or interest in the property, and without any process or authority of law, and in utter disregard of plaintiff's rights, entered the home of the plaintiff and took therefrom his property, under the circumstances disclosed in this case, which we hold amounted to oppression, he should be held to respond in punitive damages, and we cannot say and do not say that the jury was not fully warranted in finding damages against him for the unwarranted and unlawful act in the sum of $500, and there is nothing in this case to indicate, in our opinion, that the jury was actuated by passion or prejudice. There is no similarity in the facts or circumstances between the instant case and the case cited by attorneys for defendant of Manford State Bank v. Arnold, 105 Okla. 131, 221 Pac. 76, for, in the case cited, the jury gave a verdict for $600 for the use of a team of horses for the term of nine months, which, on its face, shows that it was excessive and unreasonable, and, in addition thereto, gave its verdict for $600 more as exemplary damages, and the court, in setting aside the verdict in that case, seems to have been actuated more by the fact of the excessive amount found for the use of the team for the term of nine months. The judgment of the lower court in this case seems to be more in consonance with the principles announced by this court in the case of Ray et al. v. Navarre et al., 47 Okla. 438, 147 Pac. 1019.

The jury had all the parties before it and rendered its verdict upon the evidence, and we find that its verdict is fully supported by the evidence, and the court, sitting in judgment in the case, after hearing the testimony of the witnesses and being advised in the case, refused to grant a new trial to the defendant on his motion, and, under such circumstances, we are of the opinion that the judgment of the lower court was correct, and that the same should be and is hereby affirmed.

By the Court: It is so ordered.

Note—See under (1) 4 C. J. p. 849; 2 R. C. L. pp. 193, 194; 1 R. C. L. Supp. pp. 432, 433; 4 R. C. L. Supp. p. 90. (2) 4 C. J. p. 857. (3) 34 Cyc. p. 1415 (1926 Anno). (4) 34 Cyc. p. 1506 (1926 Anno). (5) 34 Cyc. p. 1567; 8 R. C. L. 580.