## YOUNG et al. v. CITY NAT. BANK OF LAWTON.

No. 15038—Opinion Filed April 21, 1925.

1. **Pleading—Misjoinder of Causes—Objection—Waiver by Answer.**

A misjoinder of causes of action can only be reached by special demurrer, setting forth distinctly the ground of objection, and where the defendant files his answer without first filing such demurrer, the objection is waived. State Exchange Bank v. National Bank of Commerce, 70 Okla. 234, 174 Pac. 796.

2. **Appeal and Error — Review—Trial of Law Action to Court—Findings Conclusive.**

In a law action tried to the court without the intervention of a jury, a finding by the court in favor of one of the parties will be given the same weight and effect upon appeal as would be given the verdict of a jury, and will not be disturbed where there is sufficient competent evidence reasonably

tending to support the same. York v. Chamblee, 102 Okla. 127, 227 Pac. 90.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the City National Bank of Lawton against Vinnie L. Young and others. Judgment for plaintiff, and Young and another bring error. Affirmed.

J. A. Diffendaffer, J. F. Thomas, and W. C. Stevens, for plaintiffs in error.

Parmenter & Parmenter, for defendant in error.

Opinion by RUTH, C. This action was instituted by the City National Bank of Lawton against Vinnie L. Young and George E. Young and others, and the amended petition contains 26 causes of action.

The first cause of action alleges that Vinnie L. Young and George E. Young made, executed, and delivered their certain promissory note in the principal sum of $10,000 to the plaintiff, who is the owner and holder thereof. This note bears date as of the 9th day of September, 1920, the due date being December 31, 1920, and by the terms of the note the bank was given full authority to sell any collateral security assigned or attached at public or private sale without notice upon nonpayment of the note. That for the purpose of securing payment of said note, the Youngs, on September 9, 1920, executed and delivered to the plaintiff a certain mortgage covering lots Nos. 11, 12, 13, 14, 15, and 16, in block 21, Woods addition to the city of Lawton, said lots having thereon a cotton gin and other improvements, and that default had been made in the payment of the note.

The second cause of action alleges the Liverpool and London and Globe. Limited, of Liverpool, England, is an insurance company, and had insured the cotton gin on said lots in the sum of $3,000, and the policy of insurance contained a clause providing that in the event of loss under the policy the amount of the loss was payable to the plaintiff and the assured, V. L. Young. The second cause of action alleges, further, that the Liverpool and London and Globe Insurance Company issued another policy for $3,000 on the same property, without the loss payable clause attached, and the said insurance company admits there is now due and owing $6,000 by reason of the property being destroyed by fire.

In the third cause of action the plaintiff

makes the same allegations respecting a policy in the sum of $2,000 written by the Queen Insurance Company of America. Plaintiff alleges the sums represented by these insurance policies is and should be the property of plaintiff and prays they be paid into court to await the final determination of this action.

The fourth, fifth, sixth, and seventh causes of action allege that the Lumnis Cotton Gin Sales Company, Continental Gin Company, Southwestern Cotton Oil Company, and Lyon & Mathews Company, respectively, each claim some right, title, lien, or interest in and to the subject-matter of this litigation, to wit, the real property and the insurance money.

The eighth to twenty-first causes of action each allege that Vinnie L. Young was the owner of the Lawton Gin at Lawton, Okla., and that George E. Young was her agent, and through the agent Vinnie L. Young, borrowed certain sums of money from the plaintiff bank at divers times for the purpose of purchasing cotton, and Vinnie L. Young, by and through her agent, George E. Young, made, executed, and delivered to the plaintiff her bills of exchange, or "promises in writing" to repay the sums so borrowed.

The twenty-second cause of action was stricken, so will not be considered.

The twenty-third cause of action, adopting the first, and the eighth to twenty-second causes of action, both inclusive, alleges that in order to secure all the indebtedness due and owing from Vinnie L. Young and George E. Young to the plaintiff, at divers times, the defendants deposited with the Interstate Compress Company baled cotton, and Exhibit "V" sets forth the number and weight of each bale so stored, and the tickets therefor were delivered to plaintiff to secure the payment of all the indebtedness heretofore mentioned, and prays the cotton may be sold and the proceeds applied to the indebtedness of the Youngs to plaintiff.

The twenty-fourth cause of action alleges Vinnie L. Young and George E. Young are hopelessly insolvent and have transferred all their property for the purpose of hindering, delaying, and defrauding the plaintiff; that on the lots mentioned in the mortgage, there is a great quantity of machinery, injured by the fire, and there is certain other personal property on the lots, and plaintiff prays a receiver be appointed to take charge of and operate and manage all the property mentioned in the first cause of action.

The twenty-fifth cause of action alleges

Mary Cooper claims some interest in the property, but as Mary Cooper filed a disclaimer, this cause of action is not before us.

The twenty-sixth cause of action alleges the total indebtedness evidenced by the bills of exchange or "written promises to pay," as set forth in causes of action numbered eight to twenty-two, both inclusive, amounts to $28,725.60, upon which account there has been paid $23,500 leaving a balance due on this account of $5,225.60.

The plaintiff thereupon prays: (1) That it have a valid lien upon the property described in the mortgage in the sum of $10,-000; that the property be sold and if it fails to bring sufficient to pay judgment, that plaintiff have a deficiency judgment. (2) That plaintiff have judgment against the Liverpool and London and Globe Insurance Company, Limited, of England, in the sum of $6,000 with interest. (3) That plaintiff have judgment against the Queen Insurance Company of America, for $2,000. (4, 5, 6, 7) That plaintiff have judgment against Lumnis Cotton Gin Sales Company, Continental Gin Company, Southwestern Cotton Oil Company, and Lyon & Matthews Company, declaring their liens inferior to plaintiff's lien. (8) That plaintiff have judgment on its causes of action eight to twenty-one, inclusive, against Vinnie L. Young and George E. Young in the sum of $5,225.60. (9) That the cotton held by the Interstate Compress Company be sold and the proceeds applied on the indebtedness of the Youngs to the plaintiff.

To this amended petition Vinnie L. Young and George E. Young filed their separate answer and cross-petition, in which they allege: (1) There is a defect of parties plaintiff. (2) There is a defect in parties defendant. (3) That several causes of action are improperly joined in plaintiff's petition. (4) That neither of the twenty-six causes of action in plaintiff's amended petition states facts sufficient to justify a recovery against said answering defendants and in favor of the plaintiff.

Defendants admit the execution of the note and mortgage, but further allege that in settlement of their "differences and controversies" with the plaintiff, they entered into the following written agreement:

"Lawton, Oklahoma, 2-23-1921. This agreement made and entered into by and between George E. Young, party of the first part, and the City National Bank of Lawton, Okla., is the party of the second part, is that the party of the first part agree to pay $7,-

800 and deliver a list of notes amounting to $1,701.40. List hereto attached, also note signed Vinnie L. Young for $1,000 due one year from date for a certain note signed Vinnie L. Young, dated September 9th, 1920, and release of mortgage on lots Nos. 11, 12, 13, 14, 15, and 16 in block 21, in Woods addition to Lawton, Oklahoma.

"It is also agreed that the party of the first part is to see that the note signed C. A. Shoemate for $16.50 and note signed John Collins for $49.00 come in and renew these notes.

"It is understood that the terms of this contract are to be complied with by March 9th 1921.

"Signed. G. E. Young.

"Stamped. The City National
"Bank of Lawton, Oklahoma.

"Signed

"Daniel Bowlin.

"Signed. E. E. Cones, A. C.

Defendants allege the $7,800 was to be paid out of the money represented by the insurance policies mentioned in plaintiff's petition, and that defendants were ready, willing and able at all times to comply with the terms of the agreement.

Defendants admit the execution of the bills of lading or written promises to pay, as set out in plaintiff's causes of action 8 to 22, inclusive, but allege that tickets or warehouse receipts for cotton were deposited with plaintiffs, and had the cotton been properly handled and sold, a sufficient sum would have been realized to pay the balance due on the bills of lading.

For their cross-petition defendants allege that a part of the amount now claimed by plaintiff on the $10,000 note was an indebtedness incurred as early as the year 1914, and all grew out of the dealings of the defendant in the cotton business, and in 1915, plaintiff delivered to defendants as collateral security, notes aggregating $2,700, and plaintiff failed to collect the same and allowed the statute of limitations to run against them, and defendant was damaged thereby in the sum of $4,590; that plaintiff Vinnie L. Young paid out certain sums, at the solicitation of the president of the plaintiff bank, to clear title to a certain lot 3, block 27, city of Lawton, and prays judgment against the plaintiff in the sum of $5,643.

Plaintiff for reply admits the execution of the agreement set forth in defendants' answer, but denies defendants ever complied or offered to comply with the terms thereof, but wholly abandoned the same. Relative to the cotton (the tickets for which were delivered to plaintiff) the plaintiff alleges the U. S. Government Cotton Grader examined the bales and rejected them for false bailing, as they were found to contain in their centers sheet iron and other foreign substances, and the cotton was by him pronounced "merchantable and nonmarketable," and the cotton was sold for the best price obtainable and full accounting made.

The pleadings in this case are so very voluminous that to attempt to epitomize them so as to make the issues understandable requires considerable space.

The cause was tried to the court, and after hearing all the evidence the court found in favor of the plaintiff and against the Queen Insurance Company in the sum of $2,000, with interest from June 1, 1921; and against the Liverpool and London and Globe Insurance Company in the sum of $5,626, with interest from May 25, 1921, and found all other defendants had no claims superior to the plaintiff, and further found against the defendants Vinnie L. Young and George E. Young on the $10,000 note with interest, and decreed a sale of the property described in the mortgage, to recover such sum as might be due after giving the proper credits for sums realized from the insurance companies and the receiver, and the court further found generally against the defendants Vinnie L. Young and George E. Young in the sum of $3,657.70 on the bills of exchange.

To all of the findings of the court, the defendants Vinnie L. Young and George E. Young excepted and perfected their appeal to this court. The defendants present their appeal on three propositions, viz.: (1) That there was a fatal misjoinder of causes of action. (2) The court erred in rendering judgment on the so-called bills of exchange. (3) The court erred in rendering judgment on the principal note, and in the foreclosure of the mortgage securing the same.

With reference to the first proposition presented, the record discloses that defendants failed to raise the question of misjoinder of causes of action by special demurrer to the amended petition, but attempt to raise it in their answer, and by their failure to demur specially. the question of misjoinder of causes of action has been waived.

Section 268, Comp. St. 1921, provides:

"The defendant may demur to the petition only when it appears on its face, either: * * * Fifth: That several causes of action are improperly joined."

In Oats et al. v. Freeman, 57 Okla. 449,

157 Pac. 74, this court held:

'Where a petition contains three separate causes of action, if they are improperly joined, the proper practice is to attack it by demurrer, and if this is not done the defect is waived." Choctaw, O. & G. R. Co. v. Burgess et al., 21 Okla. 653, 97 Pac. 271.

In West v. Madansky, 80 Okla. 167, 194 Pac. 441, Mr. Justice Harrison, speaking for this court, says:

"If in fact there were two distinct causes of action, inconsistent with each other, then the proper proceeding would have been by demurrer on the ground of misjoinder, and not by motion to elect."

"Where a petition contains a misjoinder of causes of action, the defect cannot be raised by a general demurrer, but the same is properly raised by a special demurrer, based upon the ground of misjoinder of causes of action." Kay et al. v. Walling et al., 98 Okla. 258, 225 Pac. 384.

The defendants' contention is untenable upon another phase of the question. The defendants allege in their answer and cross-petition:

"That for a number of years past he has had a course of dealing with the said plaintiff in and about the transaction of a general cotton business in and around the city of Lawton, and that a part of the alleged indebtedness mentioned and described in the first cause of action (the $10,000 note) and practically all and the whole of indebtedness mentioned and described in causes of action numbered 8 to 26 in said plaintiff's amended petition, were solely due to and grew out of said cotton business, and that a part of the amount now claimed to be due by said plaintiff on said note of $10,000 is a part of indebtedness incurred as early as the year 1914," etc.

By this solemn admission in defendants' pleadings, they have indissolubly linked the cause of action on the note with the causes of action on the bills of exchange, and all these causes of action affect both appealing defendants alike, and no other defendant has raised any objection to a misjoinder of actions. Johnson v. Johnston, 104 Okla. 17, 230 Pac. 480, very recently decided by this court, was a case in which plaintiff in his petition set forth two causes of action. The first was against the defendant as principal and three sureties on her supersedeas bond, and the second against the defendant alone, and this court said:

"The first proposition urged by the defendant is, that the court erred in overruling the demurrer to plaintiff's petition on the ground of misjoinder of causes of action.

"The demurrer was on behalf of Virginia Johnson only: the other defendants, sureties on the appeal and supersedeas bond, did not join in the demurrer.

"The petition alleges, and it is admitted, that the defendant Virginia Johnson was liable for the rental value of the premises for the years of 1915 to 1921, inclusive, while the other defendants are liable only for the rental value of said premises from the date of the appeal and supersedeas bond, in 1918 to 1921, inclusive.

"So it is clear there was no misjoinder of causes of action as far as the defendant Virginia Johnson is concerned, but if there were a misjoinder of causes of action, it was as to the sureties, and since said sureties did not demur to the petition of the plaintiff on the ground of misjoinder of causes of action, this objection was waived. Citing State Exchange Bank v. National Bank of Commerce, 70 Okla. 234, 174 Pac. 796."

With reference to the second and third assignments of error, we have examined the pleadings and the evidence, and find there is competent material evidence reasonably tending to sustain the judgment, and where there is any competent evidence reasonably tending to sustain the judgment, it will not be disturbed on appeal. Caldwell v. Carpenter, 109 Okla. 63, 234 Pac. 767.

"In a law action tried by the court without the intervention of a jury, a general finding by the court in favor of one of the parties will be given the same weight and effect upon appeal as would be given the verdict of a jury, and will not be disturbed where there is sufficient competent evidence reasonably tending to support the same." York v. Chamblee & Son, 102 Okla. 127, 227 Pac. 90.

"In a case of purely equitable cognizance, the findings and judgment of the trial court will not be disturbed on appeal unless the same are clearly against the weight of the evidence." Wilson v. Scrutchfield, 99 Okla. 242, 226 Pac. 356; Pauls Valley National Bank v. Foss, 99 Okla. 178, 226 Pac. 567; Bronaugh v. Sharp, 99 Okla. 12, 225 Pac. 681; Keenan v. Scott, 99 Okla. 63, 225 Pac. 906; Rooser v. Citizens' First National Bank of Independence, Kan., 100 Okla. 38, 227 Pac. 114; Kline et ux. v. Kollman, 100 Okla. 160 228 Pac. 768.

No error appearing in the record, the judgment of the trial court, for the reasons herein stated, should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 293, 731. (2) 4 C. J. pp. 876, 878, § 2853.