SISLER et al. v. SMITH.

No. 35867.

Supreme Court of Oklahoma.

Oct. 20, 1953.

Rehearing Denied Nov. 24, 1953.

Dissenting Opinion March 23, 1954.

Cleo Wilson, Tulsa, for plaintiffs in error.

Harley W. Van. Cleave, Raymond B. Thomas, Charles C. Liebler, Tulsa; for defendant in error.

JOHNSON, Vice Chief Justice.

This appeal is prosecuted to reverse a jury's verdict and judgment based thereon for $616 entered against Dr. Wade Sisler in the Court of Common Pleas of Tulsa County. It was alleged, among other things, that plaintiff was a feeble old man, who collapsed, or fell, on a concrete street in Tulsa and was brought to Dr. Sisler's hospital where he stayed for 19 days, and for which services Dr. Sisler charged him $616, which amount was allegedly removed from plaintiff's person without his consent, or permission, and that this amounted to a conversion of his money. The defendant denied the conversion.

Defendant complains of error of the trial court in overruling his motion for directed verdict, and that the judgment is against the law and the evidence.

The rule to be applied herein is that a mere illegal taking or wrongful assuming of right to personal property constitutes conversion and that no further step is necessary to perfect the right of action therefor, First National Bank v. Melton & Homes, 156 Okl. 63, 9 P.2d 703; and the fact that owner was indebted to wrongdoer is no defense, Caldwell v. Carpenter, 109 Okl. 63, 234 P. 767.

The record discloses that plaintiff was a feeble old veteran of the Spanish

American War who was afflicted with a disability known as Parkinson's Syndrome or Palsy, the aftermath of sleeping sickness. Plaintiff's collapse and hospitalization, his having approximately $640 on his person when admitted as a patient, and that $616 thereof was appropriated by Dr. Sisler's hospital for bills accrued is undisputed. But it is claimed by defendant that the plaintiff consented to the appropriation. Upon this issue the evidence was in conflict but we think the evidence ample to sustain the verdict and judgment, thus invoking the often repeated rule that where there is any evidence, though conflicting, reasonably tending to sustain a jury's verdict and court's judgment based thereon, such judgment will be affirmed on appeal.

Finding no substantial error in the record, the judgment is affirmed.

HALLEY, C. J., and CORN, DAVISON, and O'NEAL, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.

WILLIAMS, Justice (dissenting).

I am unable to agree that the judgment against Doctor Sisler should be affirmed. Rather, I believe, as the case made was not certified by the trial judge nor such certification thereof waived in writing by counsel, pursuant to requirement of 12 O.S. 1951, § 966 (see also sections 956, 958, 960 and 964 thereof), his appeal should be dismissed.

In all fairness to Dr. Sisler, it should be said that the record reflects that plaintiff, according to defendants' evidence, admitted owing his doctor and hospital bill and in his own handwriting authorized payment thereof from his money which he himself removed from his billfold. Further, plaintiff, although adjudged incompetent, apparently for physical rather than mental incapacity, appeared and testified in furtherance of his guardian's efforts in his behalf, but admitted repeatedly that he had given consent to application of his funds in payment of his account. It is true, however, that he also, in the course of his testimony, denied the giving of such consent, and further denied having had capacity to give valid consent.

In such case, the matter was properly submitted to the jury. Under the Republican form of government, pursuant to terms and tenor of our constitution and statutes, we would perforce be required to affirm the judgment approving the verdict did we but have jurisdiction.

I respectfully dissent.

I am authorized to state that Mr. Justice ARNOLD concurs with the views herein expressed.